### R. H. HAMILTON v. EARL O. HENRY.

(Filed 17 March, 1954.)

1. **Automobiles §§ 8i, 18h (2), 18h (3)—Evidence held for jury on issues of negligence and contributory negligence in this action for collision at intersection.**

    The evidence tended to show that plaintiff, upon approaching an intersection, slowed his vehicle and looked both ways, and seeing no other vehicle in sight started into the intersection at a speed of about 20 miles per hour, that as he moved into the intersection he looked to his left and saw defendant's car about 100 feet away, traveling approximately 50 miles per hour, and that defendant was not keeping a lookout in his direction of travel but drove into the intersection without slackening speed, and that the left front of defendant's vehicle crashed into the left rear of plaintiff's vehicle as plaintiff's automobile was two-thirds of the way across the intersection. *Held:* The evidence was sufficient to be submitted to the jury on the issue of negligence and failed to make out a case of contributory negligence as a matter of law.

2. **Appeal and Error § 39f—**

    An exception to the charge will not be sustained when the charge read contextually is free from prejudicial error.

3. **Trial §§ 7, 48—**

    Upon defendant's objection to remarks of plaintiff's counsel to the effect that the jury need not worry "about where the money comes from" and that a defendant who could have four lawyers "must have some money somewhere," the court, in the exercise of his discretionary control over the conduct of the trial, categorically instructed the jury not to consider the remark, and repeated the caution in his instructions to the jury. *Held:* The exception to the denial of defendant's motion to withdraw a juror and order a mistrial cannot be sustained, it appearing that the court took proper precaution to prevent prejudice.

APPEAL by defendant from *Martin, S. J.,* October Civil Term, 1953, of HARNETT.

Civil action to recover for personal injury and property damage alleged to have been sustained by plaintiff in a collision between an automobile owned and operated by plaintiff and automobile operated by defendant, about 8:05 o'clock a.m., on 21 March, 1953, at the intersection of W. Pearsall Street and S. Orange Avenue in the town of Dunn, North Carolina, as a result of alleged actionable negligence of defendant.

Upon the trial in Superior Court, plaintiff offered evidence tending to show this narrative of the factual situation at, and surrounding the scene of the collision: West Pearsall Street, approximately thirty feet wide, runs in east-west direction, and South Orange Avenue, north-south. Both streets are paved, and are level and straight, and the weather was fair. Plaintiff, accompanied by his daughter, was operating his automobile in an easterly direction along West Pearsall Street, and as he came to the intersection of that street with South Orange Avenue he slowed down and looked both ways, right and left, and seeing no other vehicle in sight, moved on into the intersection at a speed of about twenty miles per hour. At the same time, looking to the left, that is north, up the avenue he saw the automobile operated by defendant coming south about one hundred feet away, traveling at a speed approximately fifty miles per hour—and, without slackening its speed, collided with plaintiff's automobile.

The left front of defendant's automobile struck the left rear wheel of plaintiff's automobile. At the time of the impact plaintiff's automobile was two-thirds of the way across the intersection.

As defendant's automobile approached the intersection, plaintiff saw that defendant "was looking out of the side glass to his left, and was not looking where he was going." Defendant later told plaintiff, quoting, that the wreck "was caused by his carelessness," that "it was like a flash . . . said he didn't see me until he hit me"—that "he was looking over at the Fleshman house," and "when he looked back I was there," and that "there was nothing to have kept him (Henry) from seeing . . . except that he was looking outside of his car."

After the impact, the automobile of plaintiff came to rest on West Pearsall Street at a point about sixty feet east of the center of the intersection, and was headed west. The automobile of defendant came to rest upside down off the street in the edge of a yard southeast of and twenty-seven feet from the center of the intersection. Debris was found on the southwest quarter of the intersection four feet within the avenue.

In the collision plaintiff was knocked unconscious and sustained serious and permanent injury, and his automobile was demolished.

Defendant offered no evidence.

The case was submitted to the jury upon these issues raised by the pleadings, and the jury returned verdict as shown:

"1. Was the plaintiff injured and damaged by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

"2. If so, did the plaintiff, by his own negligence, contribute to his injuries and damages? Answer: No.

"3. What amount, if any, is the plaintiff entitled to recover of the defendant for personal injuries? Answer: $25,000.00.

"4. What amount, if any, is the plaintiff entitled to recover of the defendant for damage to his automobile? Answer: $300.00."

And from judgment in accordance with the verdict, defendant appeals to Supreme Court and assigns error. ..

*Wilson & Johnson for plaintiff, appellee.*
*Doffermyre & Stewart and Salmon & Hooper for defendant, appellant.*

WINBORNE, J. Appellant brings up for consideration several assignments of error based upon exceptions (1) to denial of his motions, aptly made, for judgment as of nonsuit, (2) to portions of the charge as given by the court to the jury, and (3) to argument of counsel. Careful consideration of them fails to show error for which judgment below should be disturbed.

(1) The evidence offered upon the trial in Superior Court, as shown in the case on appeal, is amply sufficient to take the case to the jury on the first issue, that is, as to the negligence of defendant, and to support the verdict of the jury in respect thereto.

And the evidence so offered, and so shown, fails to make out a case of contributory negligence against plaintiff as a matter of law. Indeed, taking the evidence in respect to conduct of plaintiff in the light most favorable to defendant, it may be fairly doubted that the evidence is sufficient to require the submission of the second issue, that is, as to contributory negligence of plaintiff.

But be that as it may, the jury has found upon the uncontroverted evidence offered, and fairly presented, that defendant was negligent, and that his negligence was the proximate cause of the personal injury and property damage of which complaint is made, and that plaintiff, by his own negligence, did not contribute thereto. This conclusion is so patent that discussion of applicable principle of law and citation of authority in support of it are deemed unnecessary.

(2) Assignments of error upon exceptions to portions of the charge as given by the trial judge to the jury are untenable. For taking the charge as a whole, that is, read contextually, prejudicial error is not indicated. The principles of law enunciated and applied are too familiar to require repetition of them.

(3) Lastly, assignments of error Numbers 4 and 11 are based on exceptions to the overruling of defendant's motion for withdrawal of juror, and for a new trial on account of statement of one of the attorneys for plaintiff in his argument to the jury, and to instructions in respect thereto in the course of the charge of the court.

The statement to which exception is directed is: "It's not a matter for the jury to worry about where the money comes from; let us worry about

that, but I say that any defendant who can hire four lawyers must have some money somewhere, and I'll leave it to you where it's coming from."

Defendant objected, and made motion as above stated. Thereupon the court instructed the jury at some length to the effect that the remarks were of no concern to the jury, and should be dispelled from the minds of the jurors, concluding by saying: "You will please erase it from your minds and forget it was ever said."

And, again, the court, in the course of, and just before concluding the charge to the jury, gave these instructions: "One of the attorneys referred to sympathy for the defendant and how hard it would be on the defendant and his wife and four children to receive an adverse verdict. There is no evidence here before you that the defendant is married or that he has any children and that should not enter into your deliberation or enter your mind upon arriving at this verdict; it has nothing to do with it; you are not to decide this case upon sympathy; you are to decide it upon fairness to all parties, both the plaintiff and the defendant.

"(Then, too, one of the attorneys on the plaintiff's side said that you needn't worry where the money was coming from. That has nothing to do with the case and I charge you again to erase that from your minds and forget it as intelligent men, men of character and intelligence; that has nothing to do with the case and you must not consider it either in your minds or in your deliberations between yourselves.)"

[Defendant excepts to the foregoing portion of the charge in parenthesis.]

"Decide this case fairly and impartially and without sympathy."

Thus it would seem that the remarks of the attorney for plaintiff were invited by remarks of an attorney for defendant. Even so, it would seem the court took proper precaution.

"It is the duty of the judge to interfere, when the remarks of counsel are not warranted by the evidence and are calculated to mislead or prejudice the jury. *McLamb v. R. R.,* 122 N.C. 862, 29 S.E. 894. See also McIntosh N.C.P.&P., page 621, where the author states that counsel may not 'travel outside of the record' and inject into his argument facts of his own knowledge or other facts not included in the evidence. *Perry v. R. R.,* 128 N.C. 471, 39 S.E. 27. When counsel does so, the court may interpose correction by checking the argument and restricting it within proper bounds, or he may correct it in his charge to the jury. See Annotations 86 A.L.R. 899, at page 901. On the other hand, while the conduct of a trial in the court below, including the argument of counsel, must be left largely to the control and discretion of the presiding judge, he, to be sure, as stated by *Walker, J.,* in *S. v. Tyson,* 133 N.C. 692, 45 S.E. 838, should be careful that nothing is said or done which would be calculated

unduly to prejudice any party in the prosecution or defense of his case."
*S. v. Howley,* 220 N.C. 113, 16 S.E. 2d 705.

In the light of these principles applied to the situation before him, this Court is unable to conclude that the trial judge abused the discretion invested in him.

Hence, in the judgment on the verdict, after fair trial, we find
No error.