ETTA PARDUE v. MICHIGAN MILLERS MUTUAL INSURANCE COMPANY.

(Filed 13 April, 1966.)

1. **Automobiles § 42d—**

Evidence tending to show that plaintiff struck a vehicle parked on a one-way street in a no-parking zone at a point where overhanging branches tended to obscure its presence, that the vehicle was without lights, flares or other warning of its presence, and that the collision occurred on a rainy and foggy night, *held* not to disclose contributory negligence as a matter of law on the part of plaintiff.

2. **Trial § 37—**

In an action against plaintiff's insurer upon an uninsured motorist's endorsement, statement by the court of plaintiff's contention that plain-

tiff had exhausted her remedies against the tort-feasor without satisfaction and that if she did not recover of defendant insurer she would be "out in the cold," must be held for prejudicial error, such contention being impertinent to the issues.

MOORE, J., not sitting.

APPEAL by defendant from *Crissman, J.*, January 1966 Civil Session of WILKES.

Plaintiff was injured July 18, 1964, about 3:15 a.m., when her 1959 Ford, operated by her eastwardly on "A" Street in the Town of North Wilkesboro, collided with the rear of the parked 1959 Chevrolet of one Joseph Ben Bullis (Bullis). Plaintiff's allegations and evidence are to the effect the collision and her injuries were proximately caused by the negligence of Bullis in parking his car on "A" Street, a one-way street for eastbound traffic, in a "no-parking" zone, at a point where overhanging branches of trees tended to obscure its presence, without lights, flares or other warning of its presence.

A prior action by plaintiff against Bullis was tried at April-May 1965 Session of Wilkes Superior Court. Therein the jury answered the negligence and contributory negligence issues in favor of plaintiff and awarded damages of $5,000.00. Bullis did not appeal.

After her efforts to collect said judgment by execution and otherwise had proved unsuccessful, plaintiff, on July 13, 1965, instituted this action to recover $5,000.00 from defendant under terms of the endorsement entitled "Protection Against Uninsured Motorist Insurance," attached to and a part of the liability insurance policy issued by defendant to plaintiff with specific reference to her said 1959 Ford.

The pleadings herein raised, the court submitted and the jury answered the following issues:

"1.  Was the plaintiff injured in her person by the negligence of Ben Bullis, as alleged in the Complaint? ANSWER:  Yes.

"2.  If so, did the plaintiff, by and through her negligence, contribute to her own injuries as alleged in the Answer? ANSWER:  No.

"3.  What amount, if any, is the plaintiff entitled to recover of Ben Bullis?  ANSWER:  $5,000.00.

"4.  Was the said Ben Bullis an uninsured motorist at the time plaintiff sustained her injuries complained of as alleged in the Complaint?  ANSWER:  Yes."

Upon said verdict and said uninsured motorist endorsement, the court entered judgment that plaintiff recover from defendant the sum of $5,000.00, plus interest and costs.

*Ferree & Brewer for plaintiff appellee.*

*Jordan, Wright, Henson & Nichols and Karl N. Hill, Jr., for defendant appellant.*

BOBBITT, J. Defendant contends plaintiff's action should have been nonsuited on the ground her testimony establishes her contributory negligence as a matter of law. In this connection, it is noted that evidence, in addition to that referred to in our preliminary statement, included testimony that it was rainy and foggy as plaintiff approached the scene of collision. Suffice to say, we are of opinion and hold that the evidence, when considered in the light most favorable to plaintiff, was sufficient to withstand defendant's motion for judgment of nonsuit and to require submission to the jury of all issues raised by the pleadings.

Defendant excepted to and assigns as error the following portion of the court's charge, *viz.:* "Now, members of the jury, the plaintiff on the other hand says and contends under this set of circumstances and this set of facts that if the plaintiff didn't recover from this defendant that she is out in the cold, that she can't recover, that she has attempted to recover from Ben Bullis, as this evidence shows. These executions were run and that nothing could be found and that she has exhausted her remedy and that therefore the only remedy she has is to collect from Michigan Millers Mutual Insurance Company."

The contentions referred to in the quoted excerpt are not pertinent to a determination of any of the issues raised by the pleadings. They urge a verdict against defendant based on sympathy for plaintiff rather than on plaintiff's right to recover. If made by counsel, it would be the duty of the court, upon objection, to instruct the jury that the matters referred to in these contentions should be disregarded and given no consideration in arriving at their verdict. *Hamilton v. Henry,* 239 N.C. 664, 80 S.E. 2d 485, and cases cited; *S. v. Smith,* 240 N.C. 631, 83 S.E. 2d 656, and cases cited. The court, by its recital and review thereof, in effect sanctioned said contentions and advised the jury that plaintiff's dilemma and plight, in the event she failed to recover from defendant, were proper matters for consideration in arriving at their verdict. Under such an instruction, it seems probable the chivalry and compassion of the jurors of Wilkes would move them to take such action as might be necessary to keep plaintiff from being left "out in the cold." We are constrained to hold the court's inadvertent error materially prejudiced defendant and entitles it to a new trial.

Defendant's other assignments of error involve questions that may not arise upon the next trial. Discussion thereof in the context of the evidence in the present record is deemed unnecessary and inappropriate.

New trial.

MOORE, J., not sitting.