IN THE MATTER OF: JESSIE PENNY FARMER, RESPONDENT

No. 827SC146

(Filed 18 January 1983)

1. **Insane Persons § 2— competency hearing—right to trial de novo—improper remarks by counsel—harmless error**

    In a proceeding to determine whether respondent was incompetent to manage her own affairs, respondent was not denied her right to a trial *de novo* in superior court by the trial court's denial of her motion for a mistrial because counsel for petitioner made improper remarks in his opening statement that the case had been tried before the clerk and a jury, that respondent was found to be incompetent, and that the matter was being heard on appeal from that finding where the trial court promptly gave the jury corrective instructions, and where the issue of respondent's competency was the subject of extensive

expert and lay testimony in the trial in the superior court. G.S. 1A-1, Rule 61; G.S. 35-2.

**2. Insane Persons § 2— competency hearing—testimony by guardian ad litem**

The trial court did not err in permitting respondent's guardian *ad litem* to testify for petitioner in a proceeding to determine whether respondent was competent to manage her own affairs.

APPEAL by respondent from *Reid, Judge.* Judgment entered 16 September 1981 in NASH County Superior Court. Heard in the Court of Appeals 9 December 1982.

A petition was filed before the clerk of Superior Court in Nash County, seeking an adjudication of the competency of respondent Jessie Penny Farmer to manage her own affairs. Attorney Henry M. Fisher was duly appointed guardian *ad litem* for respondent. A hearing on the issue of respondent's competency was held before the clerk and a jury, resulting in a verdict and judgment of incompetency from which respondent appealed to the Superior Court. Pending such appeal, an order of the Superior Court was issued appointing Henry M. Fisher as Temporary Receiver for respondent, giving Fisher the power and authority to manage and preserve respondent's property.

Following a trial in Superior Court before Judge Reid and a jury, a verdict was returned finding that respondent was incompetent from want of understanding to manage her own affairs. Judgment on the verdict was entered, appointing Fisher as guardian and trustee for respondent, from which judgment respondent has appealed to this Court.

*Harris, Cheshire, Leager & Southern, by Samuel R. Leager, for petitioner-appellee.*

*Farris, Thomas & Farris, P.A., by Robert A. Farris, for respondent-appellant.*

WELLS, Judge.

Respondent first contends that the trial judge erred in denying respondent's motion for a mistrial after counsel for petitioner, in his opening statement to the jury, stated that the case had been tried by a jury, that respondent had been found to be incompetent, and that the matter was being heard on appeal from

that finding. Respondent contends that she was entitled to a trial *de novo* in the Superior Court[1] and that a *de novo* trial by its very terms requires the exclusion of any reference to or evidence of a result reached in a previous trial. Upon respondent's objection to the statement made by counsel for petitioner and motion for mistrial, the trial court heard arguments in the absence of the jury, then recalled the jury and gave the following instruction to the jury:

> Members of the jury, it was mentioned by Mr. Leager that there was another hearing before the clerk and the jury, from which an appeal had been taken. I instruct you that the law contemplates in the Superior Court when a jury in the Superior Court tries a case, it is contemplated and it is deemed that the jury should try the case *de novo*, that means from the beginning or in the same manner and in the same way as if the case had never been tried before. The fact that another jury has heard issues similar to the issue that you will hear shall not be considered by you in any way in making up your deliberations in this case. You should be completely open minded about this case and make your determination solely and exclusively upon the evidence that you hear in this case and in no way shall you be governed or guided by anything which may have been preceded today or the hearing which is taking place in the Superior Court.

The pertinent provisions of G.S. 35-2, entitling respondent to a trial *de novo* on appeal from the clerk to the Superior Court, require that the matter be heard and tried on its merits in the Superior Court from beginning to end as if no trial had been held before the clerk and without any presumption in favor of the clerk's jury verdict or the clerk's judgment. *See In re Hayes*, 261 N.C. 616, 135 S.E. 2d 645 (1964). In the trial *de novo*, therefore, the burden on petitioner was to show by evidence *adduced at that trial* that petitioner was entitled to a verdict and judgment of incompetency, and petitioner was not entitled to rely on any aspects of the former trial in seeking to carry his burden of proof at the *de novo* trial. Thus, it was improper for counsel for peti-

---

1. G.S. 35-2 provides that the ward may appeal from the Clerk's jury findings to the Superior Court, where the matters at issue shall be tried *de novo* before a jury.

tioner to refer in his opening statement to the results of the previous trial. In a civil trial, however, such an impropriety may not necessarily require an order of mistrial. G.S. 1A-1, Rule 61 of the Rules of Civil Procedures provides:

Rule 61. *Harmless error.*

No error in either the admission or exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action amounts to the denial of a substantial right.

As we noted earlier, Judge Reid responded to respondent's objections and motion for mistrial with a prompt corrective instruction to the jury. *See Hamilton v. Henry,* 239 N.C. 664, 80 S.E. 2d 485 (1954). The trial record shows that the issue of respondent's competency was the subject of extensive expert and lay testimony from witnesses who were competent to give such evidence. Under these circumstances, we are persuaded that Judge Reid's refusal to order a mistrial did not result in the denial of respondent's right to a trial *de novo.* This assignment is overruled.

[2] Respondent next contends that the trial court erred in allowing respondent's guardian *ad litem,* Henry Fisher, to testify for petitioner over respondent's objection. The essence of respondent's argument seems to be that allowing the guardian to testify as to the ward's incompetency is tantamount to compelling respondent to testify against herself. Respondent cites no authority to support this argument, but contends that "sound policy" should exclude such testimony. We are not aware of any restrictions on the competency of guardians *ad litem* as witnesses in trials involving their wards. *See* G.S. 8-49; G.S. 8-50; and 1 Brandis on North Carolina Evidence, §§ 53 and 54. This assignment is overruled.

Finally, respondent contends that the trial judge erred in his instruction to the jury by reminding them that the present trial was a trial *de novo* and that they should be guided in this decision only by evidence presented at the present trial. We find no merit in this argument, and this assignment is overruled.

No error.

Judges VAUGHN and WHICHARD concur.