### STATE v. HAROLD HAWLEY.

(Filed 4 June, 1948.)

**1. Criminal Law § 51—**

The sole province and responsibility of the jury is to find the facts, and the consequences of the verdict on the facts is of no concern to the jury.

**2. Criminal Law § 50f—**

Argument of the solicitor in the trial of a capital offense that the jury has only a small part in determining the final punishment of defendant because in the event of conviction the case would be reviewed for errors by the Supreme Court even without appeal, and in the event no error was found by the Supreme Court, executive clemency would be sought, *is held* such gross impropriety that the harmful effects cannot be removed from the minds of the jurors even by full instructions from the court.

**3. Same: Criminal Law § 78e—**

While ordinarily objection to argument of the solicitor must be brought to the trial court's attention in time to afford opportunity to the court to correct the transgression by instructions to the jury, this rule does not apply when the impropriety is so gross that its prejudicial effect cannot be removed from the minds of the jurors by instructions from the court.

**4. Criminal Law § 61b—**

Upon appeal from sentence of death, it is necessary that the Supreme Court find that there was no error in the trial before the sentence can be carried out. G. S., 15-194.

**5.  Criminal Law § 78c—**

>   Where the record shows that the solicitor agreed that statement of case on appeal, containing exception to his argument to the jury and assignment of error based thereon, should constitute the case on appeal, this is sufficient as an exceptive assignment of error even though defendant made no objection and took no exception at the time.  Rule of Practice in the Supreme Court No. 21.

APPEAL by defendant from *Bone, J.,* at November Term, 1947, of GRANVILLE.

Criminal prosecution upon bill of indictment charging defendant with the offense of murder in the first degree of one Effie Hawley, at and in Granville County, on 29 September, 1947.

The record on this appeal shows that defendant, upon arraignment, pleaded not guilty.  It contains also case on appeal served by defendant through his attorneys, to which the solicitor for the State agreed.

This case on appeal presents these salient facts: On the trial below the State offered evidence tending to support the charge of murder in the first degree with which defendant stands indicted.  The defendant offered no evidence, and his counsel had and made the opening and concluding arguments to the jury.  In the meantime, arguments were made by attorneys for private prosecution, followed by the solicitor for the State.

The substance of the concluding part of the solicitor's argument to the jury as shown in the case on appeal, to which the solicitor agrees and to which exception by defendant appears, is as follows:

"In North Carolina there are four capital felonies, that is felonies for which the punishment is death.  Murder in the first degree is one of these felonies.  The defendant is being tried under a bill of indictment which charges murder in the first degree, and the State is asking for a conviction.  I know that juries as a rule are reluctant to find defendants guilty of an offense for which the punishment is death.  You, gentlemen of the jury, are but a small cog in the final determination and conclusion of this case.  If you find the defendant guilty as charged, and the defendant is sentenced by the Presiding Judge to be executed in the manner which the statute prescribes, that does not mean that the defendant will be put to death.  Before the defendant will be put to death the Supreme Court will review his trial, whether or not the defendant appeals, and the Supreme Court will seek to find some error or errors entitling the defendant to a new trial.  If the Supreme Court fails to find error, the Governor, through the Commissioner of Paroles, will be urged to extend executive clemency.  Petitions and letters of recommendation, recommending clemency, will be filed, and the Commissioner of Paroles, and in all probability the Governor, personally, will carefully review and consider this case and all recommendations and petitions filed in the defendant's behalf, before the defendant is executed, and I argue to you, gentlemen of

the jury, that not all, but only a certain percentage of the defendants who are convicted in North Carolina of capital felonies finally suffer the death penalty. You can see, therefore, gentlemen of the jury, that you are only a small cog in the final determination of what may happen to this defendant, even if you find him guilty, as charged in the bill of indictment."

Counsel for defendant, who followed the solicitor, replied to the above argument. And it is stated that "while the solicitor was addressing the jury the presiding judge was on the bench, but was engaged in reviewing his notes on the evidence, preparatory to making the charge and was not following the argument of the solicitor to the jury. No objection to said argument was made by counsel for defendant at any time during the term, nor was it called to the attention of the court that the solicitor was making the argument to which exception is now being made."

Verdict: Guilty of murder in the first degree.

Judgment: Death by administration of lethal gas.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*T. G. Stem and B. S. Royster, Jr., for defendant, appellant.*

WINBORNE, J. The remarks of the solicitor for the State in concluding his address to the jury on the trial in Superior Court, to which alone exception is directed on this appeal, are to the same effect as those held by this Court in the case *S. v. Little,* 228 N. C., 417, 45 S. E. (2d), 542, to be calculated to prejudice unduly the defendant in the defense of the charge against him, and on account of which a new trial was ordered. There, as here, the defendant was on trial charged with murder in the first degree. Hence what is said there is appropriate here.

In the *Little case* the Court held that the gravity of the improper remarks of the solicitor called for a correction by instruction of the judge to the jury at some time during the trial regardless of attitude of counsel for defendant as to whether partial correction should or should not be made. And there doubt is expressed as to whether the harmful effects of the remarks could have been removed from the minds of the jury even by full instructions.

The remarks of the solicitor here under consideration are calculated even more than in the *Little case* to prejudice unduly the defendant in the minds of the jury. "The State does not ask for the conviction of a defendant except upon the facts and the law, stripped of all extraneous matter,—the naked facts," said *Walker, J.,* in *S. v. Davenport,* 156 N. C., 596, 72 S. E., 7. To find the facts is the sole province and responsibility of the jury. Moreover, what consequences the verdict on the

facts may bring to defendant is of no concern to the jury. Hence, the remarks here tend to disconcert the jury in fairly and freely deliberating upon the facts and in arriving at a just and true verdict.

Moreover, here as in the *Little case* it is doubted that the harmful effect of the remarks of the solicitor in appealing for a verdict of murder in the first degree could have been removed from the minds of the jury by full instruction of the trial judge. In *S. v. Noland*, 85 N. C., 576, speaking of a gross abuse of privilege by counsel, *Ruffin, J.*, said: "After its commission, under the circumstances, it admitted of no cure by anything that could be said in the charge." See also *Holly v. Holly*, 94 N. C., 96.

But the contention was made in the *Little case*, as it is here, that exception to the improper remarks not taken before verdict is not seasonable. Under the facts there as here the rule is inapplicable.

Ordinarily it is the duty of counsel to make timely objection so that the judge may correct the transgression by instructing the jury. *S. v. Suggs*, 89 N. C., 527. And, ordinarily, the failure to object before verdict is held to constitute waiver of objection. *S. v. Tyson*, 133 N. C., 692, 45 S. E., 838. But where, as here, the harmful effect of the remarks is such that it may not be removed from the minds of the jury by instruction of the judge, the reason for the rule requiring the objection to be made before the verdict does not exist.

Therefore, under the facts of this case, as in the *Little case*, the rule requiring exception before verdict is inapplicable. Moreover, the appeals in each of these cases is from a judgment sentencing defendant to death. G. S., 15-187. And it is provided by statute, G. S., 15-194, that "in case of an appeal" from such judgment, "should the Supreme Court find no error in the trial," "such condemned person shall be executed . . . upon the third Friday after the filing of the opinion or order of the Supreme Court . . . and it shall be the duty of the Clerk of the Supreme Court . . . to notify the warden of the penitentiary of the date of the filing of the opinion or order of such Court." Thus in case of appeal, it is only after the Supreme Court finds *"no error in the trial"* that the warden of the penitentiary may carry out the mandate of the trial court for the execution of the condemned person.

It is noted that the trial of this case in the Superior Court took place before the opinion in the *Little case* was handed down. And it is significant that though no objection to the remarks was made or exception taken at the time, the record shows that solicitor agrees that the statement of case on appeal, containing exception to his remarks and assignment of error based thereon, shall constitute the case on appeal. This meets the requirement of an exceptive assignment of error. Rule 21 of Rules of Practice in Supreme Court, 221 N. C., 544.

For error indicated, there must be a

New trial.