STATE v. ARTHUR JACKSON ROACH

(Filed 19 March, 1958)

**1. Criminal Law § 97—**

 Argument of the solicitor, in contradiction of the testimony of defendant's witnesses as to his good character, that the solicitor could have gotten at least one hundred people to come and testify as to defendant's bad character, is improper as permitting the solicitor to impeach defendant's credibility and defendant's substantive evidence of good character by witnesses the solicitor could have called but did not.

**2. Criminal Law § 163—**

When a grossly prejudicial argument is the subject of timely objection, even in a prosecution for a misdemeanor, it should appear with reasonable certainty that its harmful effect has been removed, and in this case mere instruction of the court for the jury not to consider the improper argument *is held* not to render it harmless in view of its grossly improper character and the subsequent argument of the solicitor.

APPEAL by defendant from *Burgwyn, E. J.,* September, 1957 Criminal Term, GASTON Superior Court.

Criminal prosecution upon a bill of indictment charging the defendant with the unlawful operation of a motor vehicle upon a public highway. The jury returned a verdict of guilty. From the judgment that the defendant pay a fine of $100.00 and the costs, he appealed.

*George B. Patton, Attorney General, Claude L. Love, Assistant Attorney General, for the State.*

*Gaston, Smith and Gaston, By: Harley B. Gaston, for defendant, appellant.*

HIGGINS, J. The defendant was arrested by a highway patrolman about dark on April 28, 1957. The arresting officer followed the defendant on Highway No. 29 for a distance of three-tenths-mile, saw him cross over the center line in the four-lane highway, pull back to the extreme right lane, then cross to a sandwich shop on the left side of the highway. After examining the defendant's driver's license, the patrolman said he smelled alcohol on the defendant's breath. "He said he had not been drinking, but he was a diabetic; that the doctor would not allow him to drink. . . . I called Patrolman Burris by radio, and when he came, we both talked to Mr. Roach and told him we were arresting him for driving under the influence. My opinion is that he was under the influence. . . . The reason that I called Mr. Burris was that I figured I needed more than just myself to take it to court since he had beaten an officer before (acquitted) and two officers were better than one. . . . I found no intoxicants on him." Patrolman Burris corroborated the arresting officer to the extent that at the time he arrived he smelled alcohol on the defendant's breath and, "my opinion is that he was definitely under the influence."

The defendant testified he had just left Ranlo about ten minutes before his arrest and that he had not been drinking. Mr. Moton testified he saw the defendant a few minutes (about 10) before his arrest; that he did not smell any liquor on the defendant's breath. "He was as normal as he is now. My opinion is that he was not under the influence of alcohol." Mr. Wise was with Mr. Moton and gave evidence to the same effect. A number of witnesses testified to the defendant's good character.

During the argument to the jury the solicitor made this statement: "They talk about me not bringing in any witnesses to testify about the defendant's bad character. I tell you I could get a number of people, at least one hundred, to come in here and testify to his bad character."

The presiding judge stated that he had not been listening to the solicitor's argument. However, when the defendant informed the court of the above argument, "the court instructed the jury not to consider it."

Concluding his argument, the solicitor said: "A man I say to you isn't worthy of belief in this case. I say to you that—sincerely that I say he's not worthy of belief in this case; and I'm glad he's sitting here in this courtroom and can hear me say it, because I'm saying it, and I mean it when I say it."

The defendant did not object to the last remarks at the time they were made and the court did not caution the jury with respect to them. Apparently the exception was entered after verdict.

The evidence with respect to the defendant's intoxication was sharply conflicting. Two officers testified they smelled alcohol on the defendant's breath and in their opinion he was "under the influence." The defendant protested his innocence at the time of his arrest and testified thereto on the trial. Two men saw him three miles from the place of his arrest and ten minutes before that event. Both testified they talked with him. They did not detect alcohol on his breath and he was as normal as he is now. Five men testified to his good character—none to the contrary. In the argument the solicitor, who is authorized by the Constitution to speak for the people of the State, told the jury: "I tell you I could get a number of people, at least one hundred, to come in here and testify to his bad character."

The solicitor had the right to argue the defendant's evidence was not worthy of belief, but the argument should have been based on the contradicting evidence of the officers or on the defendant's demeanor upon the stand. It was improper for the solicitor to base the argument on the one hundred witnesses whom he might have called, but did not call.

So manifestly improper was the solicitor's statement it is doubtful whether the harmful effect was removed by direction not to consider it. The further arguments of the solicitor, though unobjected to until after verdict, serve to rekindle any flame left unextinguished by the court's attempt at correction. To permit the solicitor to impeach the defendant's good character by a hundred witnesses he could have called not only weakened the defendant's testimony as a witness, but robbed him of substantive evidence of his innocence. *State v. Wortham,* 240 N.C. 132, 81 S.E. 2d 254; *State v. Minton,* 234 N.C. 716, 68 S.E. 2d

844. When a grossly prejudicial argument is the subject of timely objection, even in a misdemeanor, it should appear with reasonable certainty its harmful effect has been removed, otherwise the victim should be permitted to go before another jury. The line of demarcation between legitimate and illegitimate debate has been discussed in the following cases and many others therein cited: *State v. Smith,* 240 N.C. 631, 83 S.E. 2d 656; *State v. Barefoot,* 241 N.C. 650, 86 S.E. 2d 424; *State v. Dockery,* 238 N.C. 222, 77 S.E. 2d 664; *State v. Hawley,* 229 N.C. 167, 48 S.E. 2d 35; *State v. Little,* 228 N.C. 417, 45 S.E. 2d 542.

For reasons here indicated, the defendant is awarded a

New Trial.