## STATE v. G. H. WYATT, JR.

(Filed 1 March, 1961.)

**1. Indictment and Warrant § 17: Embezzlement § 7: Criminal Law § 102—**

Where an indictment for embezzlement alleges ownership in the "Pestroy Exterminating Co." and the bill of particulars lays the ownership in "Pestroy Exterminators, Inc." and the witnesses use both terms and "Pestroy Exterminating Corporation" interchangeably, but it is apparent that all the witnesses were referring to the same corporation, there is no fatal variance between allegation and proof, defendant having been informed of the corporation which was the victim of the embezzlement.

**2. Criminal Law § 97—**

While wide lattitude is allowed in the argument to the jury, the de-

fendant should not be subjected to unwarranted abuse by the solicitor, and the action of the trial court in overruling objection to the solicitor's characterization of defendant as one of "the slickest confidence men we have had in this court for a long time" must be held for prejudicial error.

**3. Criminal Law § 83—**

　　Questions asked defendant's witnesses on cross-examination *held* prejudicial under the rule laid down in *State v. Phillips*, 240 N.C. 516.

APPEAL by defendant from *Huskins, J.,* at October 1960 Criminal Term, of BUNCOMBE.

Criminal prosecution upon a bill of indictment charging defendant G. H. Wyatt, Jr., with embezzling and fraudulently converting to his own use money in the sum of $37.50 belonging to "Pestroy Exterminating Company — John M. Young, President."

Plea: Not guilty.

Verdict: Guilty as found in the bill of indictment.

Judgment: That defendant be confined in the common jail of Buncombe County for a term of not less than two nor more than five years, and assigned to work under the supervision of the State Prison Department, as provided by law.

Defendant objects and excepts thereto, and appeals to Supreme Court and assigns error.

*Attorney General Bruton, Assistant Attorney General Harry W. McGalliard for the State.*

*Sanford W. Brown for defendant, appellant.*

WINBORNE, C.J.　Defendant assigns as error the overruling of his motion for nonsuit. He contends that the motion should have been granted because of a variance between the allegation in the indictment and the proof. The indictment alleges embezzlement of the property from the "Pestroy Exterminating Co." However, the defendant moved for a bill of particulars and in the bill of particulars the phrase "Pestroy Exterminators, Inc." was used. The record also shows that the witnesses used these terms, along with "Pestroy Exterminating Corporation," interchangeably throughout the trial. It is apparent that all the witnesses were talking about the same thing.

The State is restricted in its proofs to the items set out in the bill of particulars. *S. v. Lea,* 203 N.C. 13, 164 S.E. 737. Therefore, the question is whether or not the use of "Pestroy Exterminators, Inc." is such a variance from "Pestroy Exterminating Co." as to be fatal and require a nonsuit.

Upon a thorough examination of the record, the conclusion is that there was not fatal variance between allegations and proof, and that the defendant was informed of the corporation which was the accuser

and victim. *S. v. Grant,* 104 N.C. 908, 10 S.E. 554; *S. v. Thornton,* 251 N.C. 658, 111 S.E. 2d 901.

And as is aptly stated by *Rodman, J.,* in *S. v. Davis,* 253 N.C. 224, 116 S.E. 2d 381, "The fact that the property was stolen from J. A. Turner & Co., Inc., rather than from J. A. Turner Co., a corporation, as charged in the bill of indictment, is not a fatal variance. There was no controversy as to who was in fact the true owner of the property. *S. v. Whitley,* 208 N.C. 661, 182 S.E. 338." Furthermore, there was sufficient evidence of all elements of the crime charged to go to the jury. *S. v. Blackley,* 138 N.C. 620, 50 S.E. 310.

Therefore, in the overruling of defendant's motion for nonsuit, no error is made to appear.

However the defendant assigns as error, and properly so, this statement made to the jury by the Assistant Solicitor for the State in his closing argument:

"Ladies and gentlemen of the jury, you have before you in this trial two of the slickest confidence men we have had in this court for a long time, and there is no telling how much money they have taken from John Young and his company; they have just bled him white."

Counsel for defendant objected. Objection was overruled by the court, and defendant excepted.

In this connection, wide latitude is given to the counsel in making argument to the jury. However defendant should not be subjected to unwarranted abuse by the solicitor in the argument to the jury. Here the characterization of defendant, and co-defendant, in the manner recited above is held highly improper and objectionable. *S. v. Correll,* 229 N.C. 640, 50 S.E. 2d 717.

The impropriety of the argument was brought to the attention of the trial court in time to be corrected then or in the charge. *S. v. Hawley,* 229 N.C. 167, 48 S.E. 2d 37. Nevertheless the tenor of the language used is of too grave nature to be easily erased from the minds of the jurors — even though the court had attempted to do so.

Furthermore, defendant points to a series of questions asked of witnesses for defendant, and objected to by him, which appear to be violative of the rulings of this Court in *S. v. Phillips,* 240 N.C. 516, 82 S.E. 2d 762. There in the cross-examination of defendant, the Solicitor asked him numerous questions which assumed to be facts, the unproved insinuations of defendant's guilt of a number of collateral offenses. The court held the cross-examination was improper. Further elaboration of the subject need not be extended since they may not recur upon another trial.

For errors pointed out let there be a
New trial.