State v. Hunter

STATE OF NORTH CAROLINA v. JERRY DALE HUNTER

No. 7524SC642

(Filed 4 February 1976)

1. **Criminal Law § 102— improper argument of prosecutor — absence of prejudice**

Defendant was not prejudiced by the argument of the private prosecutor that "if you let him go free, then law and order in this

country might as well go, too," where the court sustained defendant's objection to the argument, although the court did not go further and instruct the jury to disregard this line of argument.

2. **Homicide § 24— absence of malice — self-defense — instructions — burden of proof — Mullaney decision — nonretroactivity**

In this second degree murder prosecution, defendant is not entitled to a new trial under the decision of *Mullaney v. Wilbur*, 421 U.S. 684, because of the court's instructions placing on defendant the burden of showing to the satisfaction of the jury that there was no malice on defendant's part or that the elements of self-defense existed and excused the killing since the *Mullaney* decision is not retroactive and does not apply to defendant's trial which was held before the date of that decision.

APPEAL by defendant from *Martin, Judge.* Judgment entered 28 February 1975 in Superior Court, MADISON County. Heard in the Court of Appeals 13 November 1975.

Defendant was charged in a bill of indictment with first degree murder of Jonah Massey. He was tried for second degree murder, having pleaded not guilty to the charge.

At the trial the State's evidence tended to show: On 22 December 1973 Jonah Massey was eighty-five years old, was in good health and was active. His son, Cordell, drove him to a restaurant at about 7:00 p.m. on that day. As Cordell was parking his car, the defendant arrived and struck Cordell and attacked both Cordell and Massey when they got out of the car. The defendant knocked Massey to the pavement with a section of pipe, and Cordell stabbed defendant in self-defense. Massey was treated in the hospital emergency room and released that night. Massey was thereafter bedridden and incoherent until 26 December 1973 when he was admitted to a hospital. Massey died on 1 January 1974. The immediate cause of death was a combination of pneumonia, meningitis, and pericarditis. The blows received on 22 December could have initiated the chain of events which produced death.

Defendant presented evidence that both Cordell and Massey attacked him without provocation as he walked by their car in the restaurant parking lot; that both of the Masseys had knives and cut him; that he struck back and tried to get away from them and that he used the pipe in self-defense.

The jury returned a verdict of guilty of the offense of voluntary manslaughter and from judgment imposing a prison sentence, defendant appealed.

State v. Hunter

*Attorney General Edmisten, by Associate Attorney James Wallace, Jr., for the State.*

*Swain & Leake, by A. E. Leake, for defendant appellant.*

MARTIN, Judge.

[1] Defendant contends that the court erred in failing to instruct the jury that the argument of the attorney for the private prosecution was improper, and not to consider it. The full argument of the attorney does not appear in the record. The only portion from the argument excepted to is shown in the record as follows:

"Mr. Howell: . . . . If you let him go free, then law and order in this country might as well go, too.

OBJECTION SUSTAINED. *Defendant excepts.*

*Exception No. 54"*

Defendant now contends that he suffered prejudicial error in that the trial judge, after sustaining the objection, failed to go further and to instruct the jury that this line of argument was improper and not to be considered, although the prompt objection gave him ample opportunity for such an instruction.

Defendant cites and relies upon *State v. Little,* 228 N.C. 417, 45 S.E. 2d 542 (1947), and *State v. Hawley,* 229 N.C. 167, 48 S.E. 2d 35 (1948). These cases are distinguishable from the instant case.

The language of the attorney for the private prosecution exceeded the bounds of propriety. However, the record shows that the trial judge sustained defendant's objection, thereby avoiding the evil of approving or sanctioning the language of the attorney.

In 2 Strong, N. C. Index 2d, Criminal Law, § 102, at p. 642, we find: "The control of the argument of the solicitor and counsel must be left largely to the discretion of the trial court, and an impropriety must be sufficiently grave to be prejudicial in order to entitle defendant to a new trial. It is only in extreme cases of abuse of the privilege of counsel, and when the trial court does not intervene or correct an impropriety, that a new trial may be allowed."

State v. Hunter

.      We do not deem the impropriety here sufficiently grave to entitle defendant to a new trial.       ⠄

[2]   Defendant contends the trial court deprived him of due process by charging the jury that he must show to the jury's satisfaction that there was no malice on the defendant's part or that the elements of self-defense existed and rendered the killing excusable. This contention is based on the case of *Mullaney v. Wilbur*, 421 U.S. 684, which examined and found unconstitutional a Maine requirement that a defendant charged with murder must prove, "by a fair preponderance of the evidence," that he acted "in the heat of passion on sudden provocation" in order to reduce the homicide to manslaughter.

In the recent case of *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975), our Supreme Court held that " . . . by reason of the decision in *Mullaney* the Due Process Clause of the Fourteenth Amendment prohibits the use of our long-standing rules in homicide cases that a defendant in order to rebut the presumption of malice must prove to the satisfaction of the jury that he killed in the heat of a sudden passion and to rebut the presumption of unlawfulness, that he killed in self-defense. The instructions given here insofar as they placed these burdens of proof on the defendant violate the concept of due process announced for the first time in *Mullaney*. We decline, however, for reasons hereinafter stated, to give *Mullaney* retroactive effect in North Carolina. We hold that because the trial judge instructed the jury in accordance with our law of homicide as it stood, and in a trial conducted, before the *Mullaney* decision, the defendant is not entitled to the benefit of the *Mullaney* doctrine. We will, however, apply the decision to all trials conducted on or after June 9, 1975."

The instant case was tried at the 24 February 1975 Regular Criminal Session of Madison County Superior Court. The trial judge instructed the jury in accordance with our law of homicide as it stood at the time. Therefore, the defendant is not entitled to the benefit of the *Mullaney* doctrine.

For the reasons given, in the trial we find

No error.

Judges MORRIS and PARKER concur.