STATE OF NORTH CAROLINA v. CHARLES DAVIS

No. 796SC767

(Filed 5 February 1980)

**Criminal Law § 102.9— prosecutor's reference to defendant as "mean S.O.B."— new trial**

Defendant is entitled to a new trial because of the prosecutor's reference to him in the jury argument as a "mean S.O.B."

APPEAL by defendant from *McConnell, Judge.* Judgment entered 2 March 1979 in Superior Court, HALIFAX County. Heard in the Court of Appeals 16 January 1980.

Defendant was charged in a bill of indictment, proper in form, for the offense of murder in the first degree of one Samuel Davis. Defendant was convicted by a jury of the offense of voluntary manslaughter and was sentenced to a term of confinement of not less than 15 nor more than 20 years. Defendant appealed.

*Attorney General Edmisten, by Associate Attorney David Gordon, for the State.*

*Dwight L. Cranford and Thomas I. Benton, for defendant appellant.*

ERWIN, Judge.

The record reveals the following:

"Counsel for the State in the course of his argument to the jury stated that Rosa Davis, the mother of the defendant and the deceased, had had a rough time in her life, one son being a drunk and alcoholic, the other being a mean S.O.B.

EXCEPTION NO. 30

MR. CRANFORD: Objection.

COURT: Let's move on."

Defendant assigns error in the form of a question:

"Did the Court err in allowing the Assistant District Attorney to pursue a course of conduct designed and intended to prejudice the defendant and which did so; in failing to reprimand the Assistant District Attorney for his conduct and to admonish its repetition; and in denying the defendant's motion for a mistrial?"

We hold that this assignment of error has merit as it relates to the above argument made by the assistant district attorney for the State in his closing argument to the jury. We award defendant a new trial.

The district attorney or his assistant has wide latitude in making arguments to the jury. *State v. Britt,* 288 N.C. 699, 220

S.E. 2d 283 (1975); *State v. Williams,* 276 N.C. 703, 174 S.E. 2d 503 (1970), *rev'd on other grounds,* 403 U.S. 948, 29 L.Ed. 2d 860, 91 S.Ct. 2290, *on remand,* 279 N.C. 388, 183 S.E. 2d 106 (1971); *State v. Christopher,* 258 N.C. 249, 128 S.E. 2d 667 (1962); *State v. Bowen,* 230 N.C. 710, 55 S.E. 2d 466 (1949); 4 Strong's N.C. Index 3d, Criminal Law, § 102.1, p. 518.

Ordinarily, an appellate court does not review the exercise of the trial judge's discretion in controlling jury argument unless the impropriety of the counsel's remarks is extreme and is clearly calculated to prejudice the jury. *State v. Taylor,* 289 N.C. 223, 221 S.E. 2d 359 (1976); *State v. Barefoot,* 241 N.C. 650, 86 S.E. 2d 424 (1955).

In the case *sub judice,* the contents of the argument of the assistant district attorney are highly improper, objectionable, and clearly used to prejudice the jury against defendant. The use of the term, "S.O.B.," in referring to a defendant directly or indirectly, is degrading and disrespectful. We do not approve such term, and the use of such prohibits defendant from receiving a fair and impartial trial under the laws of the State of North Carolina. *State v. Wyatt,* 254 N,C. 220, 118 S.E. 2d 420 (1961). The trial court did not take any action to correct this improper argument as required. *State v. Covington,* 290 N.C. 313, 226 S.E. 2d 629 (1976); *State v. Britt,* 288 N.C. 699, 220 S.E. 2d 283 (1975). This error is fatal.

We do not consider other errors assigned as they may not occur at a new trial.

Defendant is awarded a

New trial.

Judges MARTIN (Robert M.) and WELLS concur.