THE FIDELITY BANK, A NORTH CAROLINA BANKING CORPORATION, PLAINTIFF v.
ARNOLD GARNER, DEFENDANT AND THIRD PARTY PLAINTIFF v. DONALD
MACK BLUE, VERNON G. BLUE, AND VERMAC CONSTRUCTION COM-
PANY, A NORTH CAROLINA CORPORATION OF MOORE COUNTY, THIRD PARTY
DEFENDANT

No. 8020SC591

(Filed 19 May 1981)

**1. Evidence §§ 29.2, 32.2— business records—hearsay—parol evidence rule**

In a bank's action to recover on a note signed by defendant as an accom-
modation maker, a bank officer could properly identify and read from certain
documents relating to the loan in question where he negotiated the loan and
had personal knowledge of the facts reflected in the documents, and where the
documents were issued and maintained under his direct supervision and con-
trol. Furthermore, the bank officer's testimony as to defendant's wish to have
an equipment list added to the note as extra security did not relate to the con-
tents of the list and was not hearsay, and his testimony did not violate the
parol evidence rule since it did not vary, add to, or contradict the contents of
the note.

**2. Bills and Notes § 19— action on note—uses of proceeds—hearsay—harmless
error**

In a bank's action to recover on a note signed by defendant as an accom-
modation maker, a witness's speculation that a portion of the loan proceeds
were used to pay insurance premiums owed to defendant's agency was inad-
missible hearsay, but the admission of such testimony was not prejudicial to
defendant since the only issue before the court was whether defendant should
be held jointly and severally liable on the note with the third party defend-
ants, and the uses to which the borrowed money was put by the borrowers
were irrelevant to such issue.

**3. Trial § 11— improper jury argument—curative instructions**

The trial court did not abuse its discretion in denying defendant's motion
for a mistrial made when plaintiff's counsel argued to the jury that defendant,
who had been convicted and later pardoned for insurance fraud, "had been
previously convicted of lying to a jury" where the trial court allowed defend-
ant's motion to strike this statement and instructed the jury that the argu-
ment was improper and to disregard it.

Judge BECTON dissenting.

APPEAL by defendant from *Mills, Judge.* Judgment entered
30 Jaunary 1980 in Superior Court, MOORE County. Heard in the
Court of Appeals 27 January 1981.

Plaintiff brought this action to collect the balance due, in-
terest, and attorney's fees on a note of Vermac Construction Com-
pany in the amount of $15,584.57 which was allegedly in default.
The note was endorsed by Donald Mack Blue, Vernon G. Blue and
defendant. Defendant signed the note as an accommodation en-

dorser. Defendant answered denying liability on the note on the grounds that at the time of the making of the note, plaintiff had agreed to require payment by defendant only after plaintiff had sold its security interest in certain pieces of equipment put up as collateral for the loan. Plaintiff had not foreclosed on the equipment before bringing this action against defendant. Defendant had signed the note only as an accommodation maker and had received no consideration for his endorsement. Defendant denied liability on the further ground that plaintiff had subrogated its liens on the equipment to another lending institution, thus, impairing its collateral without notifying defendant or obtaining his permission to do so.

Defendant filed a third party complaint against Vermac Construction Company, Donald Mack Blue, and Vernon G. Blue alleging that they refused to pay the sum due on the note to plaintiff or to make any effort to sell the pledged equipment to pay the debt. Therefore, defendant alleged, he should recover from the third party defendants all sums adjudged against him in plaintiff's action along with attorney's fees and costs of court. On 16 January 1980, Judge Mills ordered entry of default against the third party defendants for failing to plead or defend in answer to defendant's third party complaint.

Plaintiff's action was tried in superior court before a jury. The jury's verdict found defendant to be jointly and severally liable with the third party defendants on the indebtedness. The court also awarded plaintiff interest on the debt and attorney's fees. Defendant appealed from the judgment entered.

*Thigpen and Evans, by John B. Evans, for plaintiff appellee.*

*Smith and Gibson, by Dock G. Smith, Jr. and Millicent Gibson, for defendant appellant.*

MORRIS, Chief Judge.

[1]  During the course of the trial of this matter plaintiff called Ernest Whitley, Jr. as a witness. Whitley was an employee of plaintiff at the time the loan was negotiated. Whitley, representing plaintiff, entered into negotiations in January of 1975 with defendant with regard to the loan to Vermac Construction Company, hereinafter Vermac. Whitley testified as to the origin and significance of plaintiff's Exhibit No. 13 which consisted of lists of

equipment owned by Vermac and against which plaintiff, at defendant's request, took a lien in 1975 to secure its loan to Vermac. Defendant had given Whitley the lists and appraisals of the equipment.

Whitley also testified as to plaintiff's demand on defendant for payment of the note. Whitley identified a copy of plaintiff's letter to defendant making demand for payment. The witness also identified and testified as to the contents of a subsequent letter of notice from plaintiff's attorney to defendant which stated that the note was in default and that if payment was not made within the specified time the attorney's fee provision of the note would be enforced.

Defendant's objections to the admission of witness Whitley's testimony were overruled by the court and defendant urges that this was error. Whitley was allowed to interpret and indicate the significance of the contents of the documents even though he was not the author of either. This, defendant maintains, constituted hearsay.

Defendant does not question the admissibility into evidence of either of these documents. Whitley as the officer of plaintiff, who negotiated this loan, had personal knowledge of the facts reflected in both writings. In his capacity as a bank officer these documents were issued and maintained under his direct supervision and control. Therefore, it was not error for him to identify or read from these documents before the court.

Whitley's testimony as to defendant's wish to have the equipment list added to the note as extra security did not relate to the contents of the list itself. Rather, it related to the negotiations between him and defendant prior to the closing of the loan. This was not hearsay.

Nor did Whitley's explanation vary, add to, or contradict the contents of the note. Therefore, there was not a violation of the parol evidence rule. *See Gas Co. v. Day*, 249 N.C. 482, 106 S.E. 2d 678 (1959).

[2] In his second assignment of error defendant asserts that the court erroneously allowed into evidence the following testimony of witness Whitley:

Q. You mentioned in your testimony that part of this money was to be for the payment of insurance premiums. Do you know who these payments were made to?

A. I don't know for a fact. I understood it was Mr. Garner.

Mr. Smith: I object.

Court: Overruled. Go ahead.

A. I understood it was to Mr. Garner's agency.

Mr. Smith: Object. Move to strike.

Court: Overruled. Motion denied. Go ahead.

A. They did business with him, and I assume that's why he wanted to help them get the loan.

Although we do think that this witness's speculation as to the payments of these insurance preimums was hearsay, we do not think that it was sufficiently prejudicial to defendant's case to warrant our granting a new trial. In this instance the issue before the court was whether defendant should be held jointly and severally liable on this note with the third party defendants. The uses to which the borrowed money was put by the borrowers are irrelevant to the issue of liability on the note. If a portion of the loan proceeds were used to pay insurance premiums owed defendant's agency this would demonstrate his reason for endorsing the note but it would not influence his liability on the debt. Therefore, we find the error was not prejudicial.

Similarly, defendant maintains that the allegedly speculative testimony of third party defendant Donald Mack Blue was inadmissible hearsay. Blue's testimony indicated that Garner knew in advance of the subordination by the plaintiff of its security interest in the equipment to that of the Bank of Montgomery. Defendant alleges that the following answer to plaintiff's question was hearsay:

Q. But to your knowledge, he had to know in advance, didn't he?

Mr. Smith: Objection.

Court: Overruled.

Exception No. 10

A. It was my understanding to the Bank that Mr. Garner—that he was buying the note from the John Deere people; and he bought the note from them; and therefore he had a first lien on it. Regardless of where the lien came from when he bought that note he picked up the first lien.

We find defendant's claim to be without merit. Exceptions to the admission of evidence will not be sustained when evidence of like import has theretofore been, or is thereafter, introduced without objection. *Gaddy v. Bank*, 25 N.C. App. 169, 212 S.E. 2d 561 (1975), *citing, Glace v. Pilot Mountain*, 265 N.C. 181, 143 S.E. 2d 78 (1965). Immediately prior to the answer under scrutiny the following exchange occurred between plaintiff's counsel and the witness without objection or exception:

Q. Now, to your knowledge, Mr. Garner knew in advance of that subordination—he knew that was being done, didn't he?

A. I would say he did. He was writing the insurance on it.

Q. He had the insurance to the Bank of Montgomery, didn't he?

A. It was wrote to the Bank of Montgomery, yes, sir.

Q. He had to deliver an insurance binder to the Bank prior to the loan being made, didn't he?

A. That I don't know.

These answers are of the same import as those to which defendant objected. Therefore, assuming arguendo, that the court erred in admitting the testimony to which objection was made, evidence of like import was admitted without objection, thereby rendering harmless any error the court might have made in admitting the evidence.

[3] During his closing argument to the jury, plaintiff's counsel went outside the record and made the statement, "that the defendant Garner had been previously convicted of lying to the jury." There was evidence that on a prior occasion defendant had been convicted and later pardoned for the offense of insurance

fraud. Defendant's motion to strike this statement was allowed, and the judge instructed the jury that the argument was improper and to disregard it. Defendant made a motion for mistrial based upon the inflammatory nature of this statement. This motion was denied. Defendant contends that the denial of his motion for mistrial was prejudicial error.

We disagree. Undoubtedly, plaintiff's counsel should not have made such a remark. However, the record indicates that upon hearing the remark the court took the necessary steps to correct the impropriety.

> When a jury is instructed to disregard improperly admitted testimony, the presumption is that it will disregard the testimony. Lacking other proof . . . a jury is presumed to be rational.

*State v. McGraw*, 300 N.C. 610, 620, 268 S.E. 2d 173, 179 (1980). *See Highway Commission v. Pearce*, 261 N.C. 760, 136 S.E. 2d 71 (1964); *Hamilton v. Henry*, 239 N.C. 664, 80 S.E. 2d 485 (1954). Nothing in this record indicates that the jury would have considered the stricken statement in making their determination.

> Ruling on a motion for mistrial in a criminal case less than capital rests largely in the discretion of the trial court. *State v. Battle*, 267 N.C. 513, 148 S.E. 2d 599 (1966). However, this discretionary power is not unlimited; a motion for mistrial must be granted if there occurs an incident of such a nature that it would render a fair and impartial trial impossible under the law. *State v. Crocker*, 239 N.C. 446, 80 S.E. 2d 243 (1954).

*State v. McGraw*, supra, at 620, 268 S.E. 2d at 179. In this case we do not think the court abused its discretion in denying defendant's motion for mistrial, it having stricken the objectionable statements and cautioned the jury. Therefore, we find that the court's denial of defendant's motion did not constitute reversible error.

Affirmed.

Judge VAUGHN concurs.

Judge BECTON dissents.

Judge BECTON, dissenting.

I concur in the majority's resolution of every issue except the "jury argument" issue. It is one thing to argue that a witness should not be believed; it is quite another thing to call a witness a liar; and it is yet another thing to tell the jury that a witness has been previously convicted of lying to a jury. Because of the qualitative difference between arguing credibility and placing before the jury, by argument, incompetent and prejudicial matters not supported by the evidence, I respectfully dissent.

I dissent in the face of an incomplete, but not inadequate, record—neither the argument of counsel nor the attempted curative instructions were recorded; the record on appeal simply reflects the following:

> During plaintiff's counsel's closing argument to the jury, a motion was made for the defendant Arnold Garner by and through his attorney to strike plaintiff's counsel's statement that the defendant Garner had been previously convicted of lying to a jury. The motion to strike was allowed and the judge instructed the jury the argument was improper and to disregard it. A motion for mistrial was made based on the said statement of plaintiff's counsel. Motion denied.

Consequently, I do not know the extent to which the trial judge sought to correct the transgression. I do know, however, that "in a clear case, an appellate court will reverse a judgment because of improper conduct and prejudicial statements of counsel, even though the trial court has sustained objections thereto, rebuked counsel, and directed the jury to disregard such statements." 75 Am. Jur. 2d *Trial* § 317 at 389 (1974). *See Belfield v. Coop.* 8 Ill. 2d 293, 134 N.E. 2d 249 (1956). *See also State v. Britt*, 288 N.C. 699, 220 S.E. 2d 283 (1975). I believe this to be one of those "clear" cases.

Although G.S. 84-14 permits counsel to argue the "whole case as well of law as of fact . . . to the jury," closing "argument is not without its limitations . . . ." 288 N.C. at 712, 220 S.E. 2d at 291. The right to argue is not a license to indulge in vilification or to inject into the trial counsel's beliefs and personal opinions which are not supported by the evidence. Our courts "have spelled out in meticulous detail what is permitted and what is prohibited by way of . . . argument in the trial of cases." (Citations omitted.)

*State v. Locklear*, 294 N.C. 210, 216, 241 S.E. 2d 2d 65, 69 (1977). It is improper for an attorney to express his personal opinion concerning the veracity of a witness; "[h]e can argue to the jury that they should not believe a witness, but he should not call him a liar." *State v. Miller*, 271 N.C. 646, 659, 157 S.E. 2d 335, 345 (1967). *State v. Phillips*, 240 N.C. 516, 82 S.E. 2d 762 (1954); *State v. Dockery*, 238 N.C. 222, 77 S.E. 2d 664 (1953). *See also* Disciplinary Rule 7-106 (C), North Carolina State Bar Code of Professional Responsibility.

This is not a case in which counsel argued that the jury should not believe a witness (*compare State v. Noell*, 284 N.C. 670, 202 S.E. 2d 750 (1974) in which the Supreme Court upheld such an argument), nor is this a case in which counsel suggested that a witness previously gave false testimony. In this case, counsel asserted not only that the defendant lied before, but also that he *lied to a jury*, and further, that he had been *convicted of lying to a jury*. It is hard to imagine a more damaging and damning statement. It is folly to believe that all twelve jurors were able completely and totally to erase the incompetent and prejudicial statement from their minds.

The remarks of counsel were grossly unfair and well-calculated to mislead and prejudice the jury. In *State v. Britt*, it was said that counsel "should refrain from characterizations of defendant which are calculated to prejudice him in the eyes of the jury when there is no evidence from which such characterizations may legitimately be inferred. *See State v. Christopher*, 258 N.C. 249, 128 S.E. 2d 677 (1962); *State v. Wyatt*, [254 N.C. 220, 118 S.E. 2d 420 (1961)]; *State v. Bowen*, 230 N.C. 710, 55 S.E. 2d 466 (1949)." 288 N.C. at 712, 220 S.E. 2d at 291. There was no evidence in the record on appeal suggesting that defendant had been convicted of lying to a jury. The record shows that defendant had been convicted of insurance fraud in 1975 but was, within a few months following his conviction, granted a full and complete pardon by the Governor based on further investigation and information.

In *State v. Britt*, the prosecutor argued that the defendant had been on death row as a result of his prior conviction of first degree murder in the case then being tried. The court's reasoning and holding bear repeating:

The trial judge attempted to correct this transgression by sustaining defendant's objection and twice instructing the jury to disregard defendant's prior conviction and return a verdict based solely upon the evidence presented in the present trial. Ordinarily, counsel's improper conduct may be cured by such action by the trial court, *see State v. Sparrow*, 276 N.C. 499, 173 S.E. 2d 897 (1970); *State v. Correll*, 229 N.C. 640, 50 S.E. 2d 717 (1948), since the presumption is that jurors will understand and comply with the instructions of the court. *State v. Self*, 280 N.C. 665, 187 S.E. 2d 93 (1972); *State v. Long*, 280 N.C. 633, 187 S.E. 2d 47 (1972). We have recognized, however, that some transgressions are so gross and their effect so highly prejudicial that no curative instruction will suffice to remove the adverse impression from the minds of the jurors. *See State v. White*, 286 N.C. 395, 211 S.E. 2d 445 (1975); *State v. Hines*, 286 N.C. 377, 211 S.E. 2d 201 (1975); *State v. Roach*, 248 N.C. 63, 102 S.E. 2d 413 (1958); *State v. Smith*, 240 N.C. 631, 83 S.E. 2d 656 (1954); *State v. Dockery, supra, State v. Eagle*, 233 N.C. 218, 63 S.E. 2d 170 (1951); *State v. Hawley*, 229 N.C. 167, 48 S.E. 2d 35 (1948); *State v. Little*, supra. A fair consideration of the principles established and applied in these cases constrains us to hold that *no instruction by the court could have removed from the minds of the jurors the prejudicial* effect that flowed from knowledge of the fact that defendant had been on death row as a result of his prior conviction of first degree murder in this very case. The probability that the jury's burden was unfairly eased by that knowledge is so great that *we cannot assume an absence of prejudice. State v. Hines*, supra. We hold the challenged questions by the district attorney were highly improper and incurably prejudicial. (Emphasis added.)

288 N.C. at 713, 220 S.E. 2d at 292.

Application of these principles to the present case impels me to conclude that the argument made by plaintiff's counsel transcends the bounds of propriety and fairness. This court should not sanction the type of argument in this case and should not "open the door for advocates generally to engage in vilification and abuse — a practice which may be all too frequent, but which the law rightfully holds in reproach." 271 N.C. at 660, 157 S.E. 2d at 346. Rather,

"[c]ourts should be very careful to safeguard the rights of litigants and to be as nearly sure as possible that each party shall stand before the jury on equal terms with his adversary, and not be hampered in the prosecution or defense of his cause, by extraneous considerations, which militate against a fair hearing."

*Starr v. Oil Co.*, 165 N.C. 587, 81 S.E. 776 (1914). Counsel's argument in this case was highly improper and manifestly and incurably prejudicial. Therefore, I vote for a new trial.