THE NORTH CAROLINA STATE BAR v. J. BRUCE MULLIGAN

No. 9010NCSB553

(Filed 5 February 1991)

1. **Attorneys at Law § 87 (NCI4th)— disciplinary hearing— affidavit of psychiatrist excluded—defendant not prejudiced**

A hearing committee of the Disciplinary Hearing Commission of the State Bar did not err in excluding from evidence an affidavit of a psychiatrist, since defendant did not attempt to show that the witness was unavailable to testify at the hearing and the affidavit was thus inadmissible hearsay; defendant did not argue that the affidavit would be admissible under any exception to the hearsay rule; and plaintiff did not waive its objection to admission of the affidavit where defendant made no showing that the affidavit, containing the report of a psychological exam performed on defendant and conclusions drawn therefrom, was in any way similar and of like import to the nine affidavits reflecting on defendant's reputation and character which were admitted into evidence without objection.

**Am Jur 2d, Attorneys at Law § 94.**

2. **Attorneys at Law § 77 (NCI4th)— client's funds deposited to personal account—embezzlement—intent to return funds no defense**

Evidence tending to show that an attorney deposited funds belonging to his client into his own personal account rather than into his trust account was sufficient to support a charge

## N.C. STATE BAR v. MULLIGAN

### [101 N.C. App. 524 (1991)]

of embezzlement, and it was no defense that at all times he intended to return and did in fact return the transferred funds to his trust account; moreover, conduct sufficient to support a charge of embezzlement would also constitute conduct involving dishonesty and the hearing committee therefore properly determined that defendant violated Rules 1.2(B) and (C) of the Rules of Professional Conduct.

**Am Jur 2d, Attorneys at Law § 51.**

**Attorney's commingling of client's funds with his own as ground for disciplinary action — modern cases. 94 ALR3d 846.**

APPEAL by defendant from an order of the Disciplinary Hearing Committee of the North Carolina State Bar entered on 11 January 1990. Heard in the Court of Appeals 14 January 1991.

On 23 August 1989, plaintiff, The North Carolina State Bar, filed a complaint against defendant, a practicing attorney, based upon his alleged violations of Rules 1.2(B) and (C) and Rules 10.1(A) and (C) of the Rules of Professional Conduct.

On 15 November 1989, a hearing was held before a hearing committee of the Disciplinary Hearing Commission of the State Bar. Following the hearing, the committee made detailed findings of fact and concluded that:

Defendant's foregoing actions constitute grounds for discipline pursuant to N.C. Gen. Stat. Sec. 84-28(b)(2) in that Defendant violated the Rules of Professional Conduct as follows:

(a) By removing funds belonging to his clients from his trust account and appropriating those funds to his own use, Defendant committe[d] criminal acts that reflect adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects in violation of Rule 1.2(B) and engaged in conduct involving dishonesty, fraud, deceit in violation of Rule 1.2(C).

(b) By failing to preserve his clients' funds received in a fiduciary capacity separately from his own funds in a trust account, Defendant violated Rules 10.1(A) and (C).

Based upon these conclusions of law, the committee entered an order of discipline on 11 January 1990, suspending defendant from the practice of law for a period of three years. Defendant appealed.

N.C. STATE BAR v. MULLIGAN

[101 N.C. App. 524 (1991)]

*A. Root Edmonson for plaintiff, appellee.*

*Hendrick, Zotian, Cocklereece & Robinson, by Gray Robinson, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first contends "the Hearing Committee erred by refusing to consider the affidavit of Selwyn Rose upon objection by plaintiff when nine other affidavits were admitted without objection of plaintiff." We disagree.

The record discloses the following: The affidavit which defendant's counsel argues should have been admitted was that of Dr. Selwyn Rose, a psychiatrist in Winston-Salem, North Carolina who had conducted a psychological examination of defendant and interviewed him for approximately two hours on 10 November 1989, just five days prior to the hearing of this case. The affidavit itself indicates that it was signed and notarized on 14 November 1989, the day before the hearing. Defendant's counsel attempted to introduce the affidavit during his redirect examination of defendant. Plaintiff's counsel objected to the affidavit being admitted into evidence on the grounds that "[Dr. Rose] has . . . drawn a lot of conclusions about what precipitated the things that are in controversy here today, which obviously are conclusions that he's drawn in talking only to Mr. Mulligan and hearing just his version of what has happened." Defendant's counsel responded to plaintiff's objection as follows:

> MR. ROBINSON: Well, I realize that it is an affidavit rather than a deposition. It was something delivered quite late in the proceedings. However, I think that Mr. Edmonson's objections go more to the credibility of the document than to its truthfulness or admissibility.

The Chairman of the Hearing Committee sustained plaintiff's objection and refused to allow the affidavit to be admitted into evidence.

Rule 801(c) of the North Carolina Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 802 of the North Carolina Rules of Evidence further provides: "[h]earsay is not admissible except as provided by statute or by these rules."

N.C. STATE BAR v. MULLIGAN

[101 N.C. App. 524 (1991)]

Defendant's counsel sought to introduce Dr. Rose's affidavit during defendant's testimony. At no time has defendant attempted to show that Dr. Rose was unavailable to testify at the hearing on 15 November 1989. Under these circumstances, Dr. Rose's affidavit was clearly inadmissible hearsay, and it was incumbent upon defendant to show that the affidavit could have been admitted under one of the exceptions to the general rule. Defendant, however, did not argue at the hearing nor does he argue in his brief on appeal that the affidavit would be admissible under any exception to the hearsay rule.

Instead, defendant argues that "[a]dministrative hearings are not subject to the same stringent eviden[t]iary rules as jury trials . . . ." We note, however, that Article IX, Section 14(17) of the Rules and Regulations of the North Carolina State Bar provides in pertinent part:

In any hearing admissibility of evidence shall be governed by the rules of evidence applicable in the superior court of the State at the time of the hearing.

Thus, the Chairman of the Hearing Committee was bound to apply the Rules of Evidence, including the rules excluding hearsay statements, as in any other case.

Defendant further argues that the affidavit should have been admitted because "nine affidavits reflecting upon defendant's reputation and character were offered and admitted into evidence without objection" and "[b]y the admission of the other affidavits, plaintiffs [sic] objection was waived." Defendant cites us to *Fidelity Bank v. Garner*, 52 N.C. App. 60, 277 S.E.2d 811 (1981), and *Gaddy v. Bank*, 25 N.C. App. 169, 212 S.E.2d 561 (1975), for the proposition that "exceptions to admission of evidence should not be sustained when similar evidence of like import has already been introduced or thereafter introduced without objection." Defendant, however, fails to demonstrate how Dr. Rose's affidavit, containing his report of the psychological exam he performed on defendant and his conclusions drawn therefrom, is in any way "similar and of like import" to the nine affidavits reflecting on defendant's reputation and character which were admitted into evidence without objection. Furthermore, the fact that nine affidavits attesting to defendant's reputation and character were admitted into evidence and considered by the committee tends to show that defendant was not

prejudiced by the exclusion of the particular affidavit about which he now complains.

We find defendant's arguments with respect to this contention to be wholly frivolous and without basis in fact or law. We further note that defendant never attempted to depose Dr. Rose which would have afforded plaintiff an opportunity to cross-examine him with respect to this matter. See *N.C. State Bar v. Sheffield*, 73 N.C. App. 349, 326 S.E.2d 320, *cert. denied*, 314 N.C. 117, 332 S.E.2d 482 (1985). For the foregoing reasons, we hold the Hearing Committee did not err in excluding Dr. Rose's affidavit from evidence.

Defendant next contends "the Committee erred in finding that defendant violated Rules 1.2(B) and (C) of the Rules of Professional Conduct." Again, we disagree.

[2]   In the present case, defendant admitted that he had transferred funds from his trust account into his general account for office purposes and into his personal savings account, and the Hearing Committee made detailed findings of fact with respect to these transfers. The Hearing Committee then concluded as a matter of law that defendant had violated Rules 1.2(B) and (C) "[b]y removing funds belonging to his clients from his trust account and appropriating those funds to his own use." On appeal, defendant argues that although these transfers constitute violations of Rules 10.1(A) and (C), "the record is devoid of any evidence that defendant committed any acts constituting clear, cogent and convincing evidence that he violated [Rules 1.2(B) and (C)]."

Rules 1.2(B) and (C) of the Rules of Professional Conduct provide:

It is professional misconduct for a lawyer to:

(B) Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(C) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

Defendant first asserts that he has not committed "a criminal act" in violation of Rule 1.2(B). This Court has held, however, that evidence tending to show that an attorney deposited funds belonging to his client into his own personal account rather than into his trust account was sufficient to support a charge of embezzlement. *State v. Melvin*, 86 N.C. App. 291, 357 S.E.2d 379 (1987). Defendant tries to distinguish his case from *Melvin* by the fact

that at all times he intended to return and did in fact return the transferred funds to his trust account. "It is no defense to a prosecution for embezzlement, however, that the defendant intended to return the property obtained or was able and willing to do so at a later date." *State v. Agnew*, 294 N.C. 382, 390, 241 S.E.2d 684, 689, *cert. denied*, 439 U.S. 830, 58 L.Ed.2d 124 (1978).

Defendant further asserts that it was error for the Committee to conclude that he had violated Rule 1.2(C) because "[t]here is absolutely no evidence that [he] committed fraud, lied to clients or intended to deceive anyone." In making this argument, defendant disregards the language in Rule 1.2(C) which also prohibits lawyers from engaging in conduct involving "dishonesty." Certainly, conduct sufficient to support a charge of embezzlement would also constitute conduct involving dishonesty.

Therefore, we find the Hearing Committee's conclusion that defendant had violated Rules 1.2(B) and (C) of the Rules of Professional Conduct by removing his client's funds from his trust account and appropriating those funds to his own use was amply supported by the facts found, and that the Committee's detailed findings of fact were supported by clear, cogent and convincing evidence in the record. The Order of Discipline entered by the Hearing Committee based upon these findings and conclusions will be affirmed.

Affirmed.

Judges WELLS and ORR concur.