NORTH CAROLINA STATE HIGHWAY COMMISSION v. JOHN C. PEARCE
AND WIFE, ANNIE PEARCE.

(Filed 6 May, 1964.)

**1. Eminent Domain § 6—**

Where there is evidence that the sale of another tract of land in the locality was not a sale on the open market but a purchase forced because of necessity, the evidence supports the court's ruling excluding evidence of the purchase price of such other tract because of want of showing of similarity between it and defendant's property.

**2. Trial § 15—**

Where the court excludes certain testimony the court should permit the party offering the testimony to insert in the record what the witness' answer would have been for the purpose of review on appeal. But in this case the refusal of the court to do so was not prejudicial, since it appears from other parts of the record that the testimony was incompetent regardless of the answer.

**3. Trial § 11—**

Ordinarily, argument of counsel outside the record will be held cured by the court's action promptly sustaining objection to the argument and cautioning the jury not to consider it.

**4. Eminent Domain § 11—**

The failure of the court to charge the jury that it should not consider a building completed by the owner after the taking in fixing the value of the land remaining to the owner *held* not prejudicial in view of the fact that all of the evidence and the charge related to the value of the land immediately before and immediately after the taking, and thus excluded any value added after the taking.

APPEAL by the defendants from *Walker, S. J.*, September, 1963 Civil Session, RANDOLPH Superior Court.

The plaintiff condemned for highway purposes a perpetual easement over part of a triangular shaped tract of land containing 12 acres at the juncture of U. S. Highway 220 and N. C. Highway 49A in Randolph County. On March 30, 1963, Judge Walker signed a consent order determining all matters at issue except the amount of compensation due the defendants. The State Highway Commission deposited in court with its declaration of taking the sum of $5,950.00 as its estimate of just compensation for the taking of .35 acre from a tract containing 12 acres.

The defendants filed answer, alleging they were due $20,000.00 on account of the taking. The defendants' witnesses fixed the difference in value before and after the taking, the low at $17,860.00, and the high at $24,650.00. The plaintiff's witnesses fixed the difference in the before and after value, the low at $4,200.00 and the high at $6,546.00.

The court submitted the issue of just compensation which the jury fixed at $8,500.00. From judgment in accordance with the verdict, the defendants appealed, assigning errors.

*Thomas Wade Bruton, Attorney General, Harrison Lewis, Assistant Attorney General, Claude W. Harris, Trial Attorney for plaintiff appellee.*

*Miller and Beck by Adam W. Beck for defendant appellants.*

HIGGINS, J. All matters in dispute were settled by a consent judgment except the amount of just compensation which the plaintiff is due the defendants for the taking of a perpetual easement for highway purposes over their lands. With its declaration of taking, the plaintiff had deposited the sum of $5,950.00 as its estimate of the amount due. The defendants, in their answer, demanded $20,000.00. The jury fixed the recovery at $8,500.00.

The defendants demand a new trial upon the asserted ground the trial judge committed errors of law in three particulars: (1) By refusing to permit defendants' witnesses Galloway and Roberts to testify as to the price paid for other property in the vicinity; (2) by refusing to order a mistrial or set aside the verdict because of the argument of plaintiff's counsel; (3) by failing to instruct the jury as to the correct rule for the assessment of damages.

The defendants' witness Galloway, a real estate dealer, testified he knew the property involved and that immediately before the taking the 12 acres of defendants' property was worth $72,808.00; and immediately after, the remainder was worth $58,158.00, leaving a total damage of $24,650.00. The witness attempted to testify with respect to the sale of a lot on Balfour Avenue, (though he did not make the sale) to Esso (Humble Oil Company). Upon objection, the court excused the jury "to determine whether or not it was comparable." The court declined to permit the witness to tell how he knew the price, and refused to admit evidence on the ground it violated the hearsay rule. The court did not permit the defendant to insert in the record Galloway's answer to the question as to how he knew the price Esso paid for the lot.

The witness Roberts testified he knew the Pearce property and that immediately before the taking the whole was worth $74,439.00, and immediately afterwards the remainder was worth $48,001.00. In the absence of the jury the witness offered to testify that he sold a lot across 220 to "Carr Drug" and the Balfour Avenue property to Humble Oil Company, and the price paid by each purchaser. During the pre-

liminary examination in the absence of the jury, it developed that the Oil Company had a lot on either side of the Balfour lot which was needed in order to complete the development. The judge held this sale to Humble was a pressure or a forced purchase, because of necessity— not on the open market—and refused to permit the witness to testify as to the price paid.

Evidently, in excluding the proffered testimony of Galloway and Roberts as to the sale of other properties, the judge had in mind what the Court said in *Barnes v. Highway Comm.*, 250 N.C. 378, 109 S.E. 2d 219: "Actually no two parcels of land are exactly alike. Only such parcels may be compared where the dissimilarities are reduced to a minimum and allowance is made for such dissimilarities. . . . It is within the sound discretion of the trial judge to determine whether there is a sufficient similarity to render the evidence of sale admissible. It is the better practice for the judge to hear evidence in the absence of the jury as a basis for determining admissibility."

In this case the evidence of similarity between the defendants' property and the lots purchased by Carr Drug and by Humble Oil, was not sufficient to require the court to admit evidence of the prices at which they sold. However, the trial judge should have permitted the defendants to insert in the record Galloway's evidence as to how he knew the price Humble Oil Company paid for the lot on Balfour Avenue. Having excepted to the exclusion of the evidence, the defendants were entitled to have the answer of the witness inserted in the record for purposes of review on appeal. However, the defendants' witness Roberts disclosed that the sale to Humble was not a sale on the open market, so the exclusion of Galloway's answer was not prejudicial. *Gallimore v. State Highway Comm.*, 241 N.C. 350, 85 S.E. 2d 392; *Harmon v. Harmon*, 245 N.C. 83, 95 S.E. 2d 355; *Brown v. Power Co.*, 140 N.C. 333, 52 S.E. 954.

After the defendants had completed their evidence, the plaintiff called as a witness H. R. Trollinger who testified he lived in Asheboro, had been engaged in the appraisal of real estate for 20 years. He had made appraisals for many banks, oil and power companies, city, county, State and Federal agencies, and private individuals. He gave as his opinion the fair market value of the Pearce property immediately before March 8, 1962, was $45,996.00. The value of the remaining property immediately after the appropriation was $39,450.00. On cross-examination, the witness testified he had appraised approximately 180 parcels of land for the State. The attorney for the Highway Commission argued to the jury that Mr. Trollinger had appraised more than 180 parcels for the Highway Commission which had settled with the

majority of the owners on the basis of his appraisals. The court prompt-
ly and properly sustained the defendants' objection to the argument
and cautioned the jury not to consider it. We must assume the  jury
heeded the instruction and did not consider it to the defendants' prej-
udice.

Finally, the defendants contend the court committed prejudicial er-
ror by charging the jury: ". . . (T)he measure of damages in such a
proceeding as this is the difference between the fair market value of
the entire tract of 12 acres immediately before the taking and the fair
market value of what is left after the taking of the .35 of an acre in
this case. . . . the court has given you . . . the rule of law in de-
termining just what is fair market value of the entire tract before the
taking. When all of you have agreed upon that, then you will write
the figure down. Then, you will determine what the fair market value
of the remaining land is after the taking; write that figure down and
subtract one figure from the other; . . . your difference will be your
answer."

The defendants contend the evidence disclosed they had begun con-
structing a building on the remaining portion of the land before the
taking and completed it afterwards, which added to the after-taking
value; that the jury may have included the completed structure in
their value of the remaining portion, thus reducing defendants' dam-
ages. However, the evidence of all witnesses fixed before and after
value as of the date of the taking. There is no likelihood or reason to
suppose the jury failed to understand they were dealing with the value
of the whole immediately before the taking and what was left immed-
iately afterwards, as required by G.S. 136-112. The date of the taking
was stipulated. Nothing in the charge suggests the defendants were
penalized by completing the building which they had previously be-
gun; or that the jury failed to understand the issue before them.

A careful review of the assignments of error fails to disclose any
reason in law why the verdict and judgment should be disturbed.

No error.