DUKE POWER COMPANY, Petitioner v. REBECCA R. SMITH, WHITMAN E. SMITH JR. AND WIFE, KATHRYN LeS. SMITH; AND REBECCA SMITH AND WHITMAN E. SMITH, JR., Trustee of the W. E. Smith Residuary Trust Created Under Item 5 of the Last Will and Testament of W. E. Smith, Respondents

No. 8120SC120

(Filed 6 October 1981)

**Eminent Domain § 6.2— condemnation—exclusion of evidence of comparable sales— no error**

    In an action to determine damages caused by the condemnation of an easement through respondents' farmland, it was not error to exclude evidence of comparable sales even though there was little difference in zoning and in the availability of water and sewer as there was a large difference in the size of the tract sold and the tract in question. Further, there was no evidence the previous sales were voluntary sales and the defendants failed to include in the record on appeal what the sales price would have been had the trial court allowed the witness to testify regarding the "comparable" sales.

APPEAL by respondents from *Walker, Judge.* Judgment signed 2 October 1980 in Superior Court, STANLY County. Heard in the Court of Appeals 4 September 1981.

The petitioner, Duke Power Company, instituted a condemnation proceeding under N.C.G.S. 40-2(3) for an easement and right-of-way over 495.21 acres of land owned by respondents. At the time of the taking this undeveloped tract of farmland was located approximately seven-tenths of a mile east of the Albemarle city limits. The sixty-eight-foot-wide easement extends approximately 8,300 feet through rolling hills, woodlands, fields and pastures to include 12.9 acres or three percent of the land.

Exercising their statutory right to a jury trial on the issue of damages under N.C.G.S. 40-20, respondents presented evidence that the highest and best use of the property would be residential or commercial development. These witnesses estimated damages from the taking ranging from $90,000 to $500,000. Petitioner's witnesses estimated damages at a maximum of $10,320, based on a highest and best use as farmland.

Respondents sought to introduce evidence of comparable sales involving two nearby tracts of land. After hearing arguments of the parties on voir dire, the court found that

neither tract was sufficiently similar to respondents' property to be considered a comparable sale. From a judgment on a verdict of $15,000, respondents appeal.

*David L. Grigg and William I. Ward, Jr., for petitioner appellee.*

*D. D. Smith for respondent appellants.*

MARTIN (Harry C.), Judge.

Respondents assign as error the trial court's exclusion of evidence of comparable sales. The first, an eighty-acre tract, was sold to the Industrial Park a year and a half before the date of the trial. The trial court found that this eighty-acre tract was not a comparable sale because it was "different in nature and in zoning and in having water and sewer available." However, there was uncontroverted evidence that with respect to the contour and nature of the land, the two properties were similar. Of greater significance is the fact that the zoning change which brought the eighty-acre tract within the Albemarle city limits occurred subsequent to its sale. The property was supplied with water and sewerage subsequent to the sale. Industrial and commercial development began subsequent to the sale.

The court also excluded evidence of the 1980 sale of a seventy-five acre Rummage tract located approximately one mile from respondents' property. Since the sale, this tract has also been included within the Albermarle city limits. The trial judge considered both the difference in zoning and the anticipated availability of water and sewerage in making his determination.

The price paid at voluntary sales of land if similar in nature, location and condition to the condemnee's land is admissible and of considerable probative force in determining the value of land taken. *Power Co. v. Winebarger,* 300 N.C. 57, 265 S.E. 2d 227 (1980); *State v. Johnson,* 282 N.C. 1, 191 S.E. 2d 641 (1972); *Redevelopment Comm. v. Panel Co.,* 273 N.C. 368, 159 S.E. 2d 861 (1968).

Where the value of a particular parcel of realty is directly in issue, the price paid at voluntary sales of land similar in nature, location, and condition to the land involved in the suit is admissible as independent evidence of the value of the land

in question, if the sales are not too remote in time. Whether two properties are sufficiently similar to admit the sales price of one as circumstantial evidence of the value of the other is a question to be determined by the trial judge, usually upon *voir dire.*

*Power Co. v. Winebarger, supra* at 65, 265 S.E. 2d at 232.

Upon a voir dire hearing to determine the admissibility of evidence offered on the basis of being comparable sales, the party offering such evidence has the burden of satisfying the presiding judge of its competency. He must offer sufficient evidence of similarity between the land sold and the subject property to enable the trial judge to determine in his discretion whether the properties are comparable. Differences in the size of the properties being compared is a factor to be considered. *State v. Johnson, supra.* *See* 5 Nichols' The Law of Eminent Domain § 21.31[3] (1969). He must further show that the sale was a voluntary, arm's length transaction. *Highway Commission v. Pearce,* 261 N.C. 760, 136 S.E. 2d 71 (1964).

In the present case where witnesses' testimony concerning value of the land varied considerably, there is little doubt that evidence of comparable sales would have assisted the jury in its determination of damages. Sales of these tracts were not remote in time. *Highway Commission v. Coggins,* 262 N.C. 25, 136 S.E. 2d 265 (1964). Both tracts are located within a short distance of respondents' property.

Although the trial judge found that both the eighty-acre and the seventy-five acre tracts were not comparable because of the differences in zoning and in the availability of water and sewerage, the evidence does not support this reason. These differences did not exist at the time of the sales in question. However, the finding that the tracts were not comparable is supported in the record by the difference in size of the tracts, the subject tract being 495.21 acres and the sales tracts being eighty acres and seventy-five acres respectively. This is a sufficient difference to support the discretionary ruling of the trial judge. *Johnson, supra.*

The record in this case also fails to disclose whether the sales of these two tracts of land met the requirements of an "actual

sale by a seller willing but not obliged to sell, to a buyer willing but not obliged to buy." *Highway Comm. v. Helderman,* 285 N.C. 645, 207 S.E. 2d 720 (1974). In order to be admissible as evidence of a comparable sale, there must be a showing of a voluntary sale on the open market, rather than a forced sale. *Johnson, supra; Carver v. Lykes,* 262 N.C. 345, 137 S.E. 2d 139 (1964); *Pearce, supra.*

The burden is on the appellants to show prejudicial error. *In Re Gamble,* 244 N.C. 149, 93 S.E. 2d 66 (1956); 1 Strong's N.C. Index 3d Appeal and Error § 49.1 (1976) (and cases cited therein). Respondents have failed to include in the record on appeal what the sales price would have been had the trial court allowed the witness to so testify. *Redevelopment Comm. v. Panel Co., supra; Highway Commission v. Pearce, supra; Barnes v. Highway Commission,* 250 N.C. 378, 109 S.E. 2d 219 (1959). Respondents leave the significance of the absence of the testimony to conjecture. The answers are necessary for the purpose of appellate review in determining whether prejudicial error has occurred. *Pearce, supra.*

The decision to admit evidence of comparable sales is within the sound discretion of the trial judge and will not be disturbed absent a showing of abuse. *Redevelopment Comm. v. Panel Co., supra; Highway Commission v. Conrad,* 263 N.C. 394, 139 S.E. 2d 553 (1965). Upon the record before us, we find no prejudicial error in the exclusion of the testimony.

Respondents next contend that the trial court erred in overruling their motion to set aside the verdict as being against the weight of the evidence; in denying their motion for a new trial; and in signing the judgment. We have reviewed the record carefully and find no error.

Both parties had an opportunity to present testimony as to the value of the property in question and the damages to which they believed respondents were entitled. The law provides that:

> The jury should take into consideration, in arriving at the fair market value of the land taken, all the capabilities of the property, and all the uses to which it could have been applied or for which it was adapted, which affected its value in the market at the time of the taking and not merely the condi-

tion it was in and the use to which it was then applied by the owner.

*Barnes v. Highway Commission, supra* at 387-88, 109 S.E. 2d at 227. We find that Judge Walker, in his charge to the jury, fairly and adequately summarized the evidence and instructed that the measure of damages should reflect the highest and best use of the property as presented by the evidence. The trial court's refusal to set aside a verdict in a condemnation proceeding will not be disturbed on appeal where there is no showing that the court abused its discretion.

No error.

Judges MARTIN (Robert M.) and BECTON concur.