DEPARTMENT OF TRANSPORTATION, Plaintiff v. JOE C. ROWE and wife, SHARON
    B. ROWE; HOWARD L. PRUITT, JR., and wife, GEORGIA PRUITT; ROBERT W.
    ADAMS, Trustee; ALINE D. BOWMAN; FRANCES BOWMAN BOLLINGER; LOIS
    BOWMAN MOOSE; DOROTHY BOWMAN ABERNETHY and husband, KENNETH
    H. ABERNETHY; MARTHA BOWMAN CAUDILL and husband, JACK CAUDILL;
    APPALACHIAN OUTDOOR ADVERTISING CO., INC. (formerly Appalachian
    Poster Advertising Company, Inc.), Lessee; and FLORENCE BOWMAN BOLICK,
    Defendants

                         No. COA97-1470

                     (Filed 20 October 1998)

## 1. Appeal and Error— appealability—interlocutory orders— condemnation action

Preliminary issues in a condemnation action were not properly before the Court of Appeals where the trial court fully considered these questions before trial and its orders, though interlocutory, affected a substantial right and should have been immediately appealed under *Highway Commission v. Nuckles*, 271 N.C. 1.

## 2. Eminent Domain— evidence—comparable sale

The trial court did not abuse its discretion in a condemnation action by allowing as evidence of a comparable sale defendants' conveyance of another tract approximately four months before the taking. Although defendants argue that the sale included an option and that the sale price was indeterminate, the property was sold within four months of the taking, was physically adjacent to defendant's property and was sufficiently comparable to be introduced. Defendants were allowed to offer evidence about the option and argue its effect; dissimilarities go to the weight of the evidence rather than its admissibility. Moreover, DOT used the comparable sale to impeach a defendant's testimony; the extent of cross-examination is in the discretion of the trial court and defendants have shown no abuse.

## 3. Eminent Domain— evidence—remainder tract—cost of opening streets and raising grade

The trial court did not err in a condemnation action when it sustained objections to defendants' attempt to offer evidence of the costs of opening unopened streets on the remainder tract and of raising the grade of one tract to the level of the projected road. Defendants were speculating about the future construction of streets and the effects on their remainder property.

**4. Eminent Domain— evidence—location of unopened streets excluded**

There was no prejudicial error in a condemnation action in the court's refusal to allow defendants to introduce a map showing the location of unopened streets. Although defendants wished to demonstrate to the jury the lack of unity of the remaining tracts, that issue had been determined by the court as a preliminary question of law. Moreover, there was a wealth of other evidence about the location of the unopened streets.

**5. Eminent Domain— evidence—cross-examination—sale of adjacent tract**

The trial court abused its discretion in a condemnation by sustaining an objection when defendants attempted to cross-examine a State's witness regarding the sale of an adjacent tract where the witness had given a valuation of defendants' property. While there were some differences in the size of the tracts, size is merely one factor, and defendants were introducing the appraisal rather than the comparable sale and were offering the evidence to impeach an important DOT witness, rather than for substantive purposes. In light of the failure of the jury to award any compensation to defendants, excluding the evidence was not harmless.

Appeal by defendants from judgment entered by Judge J. Marlene Hyatt on 17 June 1997 in Catawba County Superior Court and orders entered by Judge James L. Baker, Jr., on 8 May 1997 and 16 May 1997 in Catawba County Superior Court. Heard in the Court of Appeals 27 August 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General J. Bruce McKinney, for plaintiff appellee.*

*Lewis & Daggett, PA, by Michael J. Lewis; and Bell, Davis & Pitt, PA, by Stephen M. Russell, for defendant appellants.*

HORTON, Judge.

Joe C. Rowe, *et al.* (collectively, defendants) appeal from a jury verdict and judgment denying them any compensation for 11.411 acres of their land in Catawba County which the Department of Transportation (DOT) condemned on 26 June 1995 for a connector road. Prior to the taking, defendants Joe C. Rowe and wife, Sharon B.

Rowe (the Rowes), and defendants Howard L. Pruitt, Jr., and wife, Georgia M. Pruitt (the Pruitts), owned 18.123 acres in Catawba County, which they purchased in December 1986. DOT determined that the benefits to defendants' remaining 6.712 acres of property outweighed any loss to defendants due to the taking, and, therefore, did not make a deposit to defendants of the amount estimated to be just compensation at the time it filed its condemnation action.

Defendants filed an answer alleging that the "special or general benefits" provision of N.C. Gen. Stat. § 136-112(1) (1993), the condemnation statute, is unconstitutional both on its face and as applied to these defendant landowners. Prior to trial, a hearing was held pursuant to the provisions of N.C. Gen. Stat. § 136-108 (1993) to determine issues other than the amount of damages. Evidence was introduced which tended to show that, after the taking, defendants were left with four small remainder tracts of land known as tracts A, B, C, and D, which totaled 6.712 acres and that prior to the taking, defendants' remainder tracts A and B were physically connected to the area taken by DOT for its right of way with tract A being attached to the easternmost portion of the area taken, and tract B being attached to the westernmost portion of the area taken. Tract B was separated from remainder tracts C and D by a deeded 70-foot street. Tracts C and D were separated from each other by a deeded 60-foot street. None of the deeded streets separating tracts B, C, and D were actually in existence on the ground on the date of taking.

In its order dated 8 May 1997, the trial court determined that defendants' remaining four small tracts, which were not condemned by DOT, had "physical unity" and therefore were affected by the taking. The trial court also rejected defendants' claim that the condemnation statute, N.C. Gen. Stat. § 136-112(1) was unconstitutional in an order dated 16 May 1997. At trial, the jury found that defendants were not entitled to any compensation for the taking by DOT because of the increase in value of the remaining tracts which was offset against any loss suffered by the taking.

On appeal, defendants contend that (I) the trial court erred in including each of the four small tracts in the area affected by the taking and thereby treating all of defendants' property as a "unified tract"; (II) N.C. Gen. Stat. § 136-112(1), which allows a deduction from just compensation for "special or general benefits" resulting from a taking is unconstitutional both on its face and as applied to these defendants; (III) the trial court erred by allowing evidence of an

allegedly comparable sale; (IV) the trial court erred by excluding evidence on the question of the defendants' damages; (V) the trial court erred by not allowing them to introduce a map of the tracts; and (VI) the trial court erred by not allowing them to cross-examine Richard Marlowe about a comparable piece of property.

## I and II

[1] We initially note that the purpose of the procedure set forth in section 136-108 is to narrow the issues so that the jury must only decide the amount of damages. In *Highway Commission v. Nuckles*, Justice (later Chief Justice) Sharp explained that

> [o]ne of the purposes of G.S. 136-108 is to eliminate from the jury trial any question as to what land the State Highway Commission is condemning and any question as to its title. Therefore, should there be a fundamental error in the judgment resolving these vital preliminary issues, ordinary prudence requires an immediate appeal, for that is the proper method to obtain relief from legal errors. G.S. 1-227. . . .

> Obviously, it would be an exercise in futility, completely thwarting the purpose of G.S. 136-108, to have the jury assess damages to tracts 1, 2, 3, and 4 if plaintiff were condemning only tracts A and B, and the verdict would be set aside on appeal for errors committed by the judge in determining the "issues other than damages."

271 N.C. 1, 14, 155 S.E.2d 772, 784 (1967).

In this case, the trial court fully considered the preliminary questions raised by defendants about the unity of all of the tracts and about the constitutionality of the "special or general benefits" provision of N.C. Gen. Stat. § 136-112 as applied to these defendants. Indeed, written orders finding against defendants were entered. Defendants did note an exception to the ruling concerning the unity of the tracts; they did not, however, enter notice of appeal from the orders until 7 July 1997. Although the preliminary orders were clearly interlocutory, they affected a substantial right of the defendants; and the *Nuckles* case requires them to immediately appeal the orders which dealt with the unity and constitutional issues. Error on the preliminary issues considered by the trial court requires a complete new trial of the matter at considerable delay and expense for both the parties and the courts. *See also Johnson v. Highway Commission*, 259 N.C. 371, 130 S.E.2d 544 (1963) (plaintiff appealed from the trial

court's ruling after an N.C. Gen. Stat. § 136-108 hearing, and the Supreme Court found error in the trial court's ruling and remanded); *and City of Winston-Salem v. Tickle,* 53 N.C. App. 516, 281 S.E.2d 667 (1981) (this Court allowed an interlocutory appeal from landowner when the trial court, pursuant to § 136-108, found that a certain tract was not united with the property taken, and therefore was not affected by the taking), *disc. review denied,* 304 N.C. 724, 288 S.E.2d 808 (1982). Thus, the rulings by the trial court following the hearing pursuant to N.C. Gen. Stat. § 136-108 should have been immediately appealed and are therefore not properly before us.

III

Evidence of Comparable Sale

[2] Defendants next contend that the trial court erred in allowing evidence relating to their conveyance of a ten-acre tract to the Hospitality Group approximately four months before the taking in question. After DOT announced its plans for the right of way, defendants sold ten acres of their land for $300,000 per acre to the Hospitality Group. The sale to the Hospitality Group was made in anticipation of the construction of the connector road over defendants' property, as the boundaries of the ten-acre tract follow the bounds of the right of way to be taken. At trial, DOT introduced evidence of the sale to the Hospitality Group, over the objections of defendants, as a comparable sale. Although defendants acknowledge that "the price paid at voluntary sales of land similar to condemnee's land at or about the time of the taking is admissible as independent evidence of the value of the land taken[,]" *State Highway Commission v. Conrad,* 263 N.C. 394, 400, 139 S.E.2d 553, 558 (1965), they argue that evidence of the sale was inadmissible because the sale price was indeterminate. The sale of the ten-acre tract included an option to buy remainder tract A at $200,000 per acre. The option was unrecorded and was not exercised at the time of the trial. In any event, defendants were allowed to offer evidence before the jury about the terms of the option and to fully argue its effect. Evidence of any dissimilarities goes to the weight to be given the evidence, not to its admissibility. The property was sold by defendants within four months of the taking in this case, was physically adjacent to the property of the defendants, and was sufficiently "comparable" to be introduced in evidence.

Moreover, DOT used the comparable sale to impeach the testimony of defendant Joe C. Rowe, who testified about his opinions of

the value of defendants' property both before and after the taking by DOT. The extent of cross-examination for impeachment purposes is normally in the discretion of the trial court and defendants have not shown any abuse of discretion. *Maddox v. Brown*, 233 N.C. 519, 524, 64 S.E.2d 864, 867 (1951). This assignment of error is overruled.

## IV

**[3]** Defendants contend that the trial court erred when it sustained DOT's objection to defendants' attempt to offer evidence of the costs of opening the unopened streets near the remainder tracts B, C, and D, and the cost of raising the grade of tract A to make it level with the projected road. Defendants contend that the evidence was relevant as to the amount of defendants' damages. We disagree.

Defendants cite *Dept. of Transportation v. McDarris*, 62 N.C. App. 55, 302 S.E.2d 277 (1983), in support of the admissibility of the evidence. *In McDarris*, DOT was taking some of defendant's land in order to widen an existing highway; this Court held that the jury could properly consider the costs to defendant landowner of grading the remaining land so that it would be roughly level with the highway. As a result of the taking and highway construction, defendant's land was much lower than the new roadway, ranging from one foot to nine feet lower than the highway. In this case, however, defendants were speculating about the future construction of streets and the effects on their remainder property. The trial court, therefore, correctly sustained DOT's objections to the proffered testimony.

## V

**[4]** Defendants further complain that they were not allowed to introduce a map showing the location of the deeded but unopened streets which lie between tracts B, C, and D. Defendants argue that they were entitled to "present this evidence and . . . convince the jury that no unity existed between the four tracts . . . ." Defendants contend that demonstrating the lack of unity to the jury would likely have resulted in the jury's reduction in the benefits resulting from the taking, and the award of "some compensation" to defendants. We disagree for two reasons.

First of all, the question of the "unity" of the tracts was a preliminary question of law for the trial court. N.C. Gen. Stat. § 136-108. Second, there was a wealth of other evidence about the location of the unopened streets between tracts B, C, and D. Therefore, even if the trial court erred in failing to allow the introduction of defendants'

exhibit, the error was not prejudicial, as the same evidence was before the jury on numerous other exhibits, including defendants' own exhibit 1. *See State v. Hageman*, 307 N.C. 1, 24, 296 S.E.2d 433, 446 (1982) (no prejudicial error when evidence excluded if substantially similar evidence was admitted).

## VI

**[5]** Defendants' remaining assignment of error presents the closest question for our consideration. There was a 4.753-acre tract adjacent to the right of way taken by DOT in this case of which 2.86 acres was also condemned. Richard Marlowe (Mr. Marlowe) testified for DOT about his valuations of defendants' property, both before and after the taking, and stated that, in his opinion, defendants' property was valued at only $50,000 per acre immediately prior to the taking by DOT. However, when counsel for defendants cross-examined him about the value prior to the taking he placed on the 4.753-acre tract, the following exchange occurred:

Q. Now what was the value that you put on that 4.76 acre [tract] before?

A. MR[.] McKINNEY: Objection. I object to that because there is nothing that is comparable becuase [*sic*] of the size, they are entirely different size and we are talking about an 18 acre versus a four acre tract.

COURT: Sustained.

MR[.] PANNELL: May I be heard on that?

(Counsel to the bench and back to their seats.)

COURT: I have sustained the objection and will continue to sustain[] the objection. I have made my ruling.

At the conclusion of the evidence, Mr. Marlowe testified in the absence of the jury and for the record that he placed a before-taking value of $98,000 per acre on the 4.753-acre tract.

We note that defendants did not offer the evidence of the price of the 4.753-acre tract for substantive purposes, but to impeach the testimony of Mr. Marlowe. As we noted earlier, when discussing DOT's cross-examination of defendant Rowe, counsel is to be allowed considerable latitude in cross-examination. Here, however, the trial court abused its discretion in preventing Mr. Marlowe from testifying to his opinion as to the pre-taking value of the 4.753-acre tract. While there

DEP'T OF TRANSP. v. ROWE

[131 N.C. App. 206 (1998)]

were some differences in the size of the tracts, size is merely one of the factors for the trial court to consider in exercising its discretion in admitting the evidence of the sale price of comparable property. *Duke Power Company v. Smith*, 54 N.C. App. 214, 216, 282 S.E.2d 564, 566 (1981). In this case, defendants were not introducing evidence of a comparable sale, but of the appraisal made by Mr. Marlowe himself of nearby property. We particularly note that Mr. Marlowe testified that he used four comparable tracts in forming his opinion as to the before taking value of defendants' property; one of these tracts used by him was 5.093 acres in size and another was 3.55 acres in size. We believe that it was an abuse of the trial court's discretion to exclude evidence of Mr. Marlowe's appraisal of an adjacent 4.753-acre tract merely on the basis of size even though the appraisal of the 4.753-acre tract was performed contemporaneously with his appraisal of the subject property.

We further stress that defendants were not offering the evidence as substantive evidence but to impeach the testimony of an important witness for DOT. We believe that the jury should have been allowed to hear the evidence as to Mr. Marlowe's appraisal. DOT could then have ample opportunity to have Mr. Marlowe explain the differences in his opinion as to the before-taking values he assigned to the 4.753-acre tract and the 18-acre tract of defendants. Those differences go to the weight to be given Mr. Marlowe's testimony by the jury, not to its use for impeachment purposes. Therefore, in light of the failure of the jury to award any compensation to defendants, this error of the trial court in excluding the evidence was not harmless and requires that defendants be awarded a new trial.

New trial.

Judge WYNN concurred in this opinion prior to 30 September 1998.

Judge HUNTER concurs.