DEPARTMENT OF TRANSPORTATION, PLAINTIFF v. HAYWOOD OIL COMPANY, DEFENDANT

No. COA08-420

(Filed 17 March 2009)

## 1. Evidence— partial condemnation—real estate sales price—comparability of properties

The trial court did not abuse its discretion in a partial condemnation case by allowing plaintiff DOT to elicit and put before the jury evidence of real estate sales prices after the properties were allegedly determined to be not sufficiently comparable because: (1) defendant company failed to preserve the issue in regard to the price that the Clark and Leatherman firm paid for property in the industrial park by not objecting to either the question presented regarding the pertinent property or the response as required by N.C. R. App. P. 10(b)(1); and (2) in regard to the testimony regarding the original purchase price of the property sold by Haywood Services Corporation (HSC) to Haywood Electric Membership Corporation in an in-house transaction, it was uncontested that the approximately eleven acres transferred on 23 January 1997 was similar in nature, location, and condition to the Haywood Oil property; and it was also uncontested that HSC's purchase price of the original forty-one acre property was the result of an arms-length transaction.

DEPARTMENT OF TRANSP. v. HAYWOOD OIL CO.

[195 N.C. App. 668 (2009)]

## 2. Appeal and Error— preservation of issues—failure to object

Although defendant company contends the trial court erred in a partial condemnation case by instructing the jury that the measure of damages for compensating defendant was payment for value of land taken, without indicating that the value included damage to the remaining property, this assignment of error is dismissed because: (1) the trial court's introductory remarks were to the entire jury pool prior to the beginning of jury selection; and (2) defendant did not object to the trial court's opening remarks as required by N.C. R. App. P. 10(b)(1).

## 3. Evidence— denial of cross-examination—no personal knowledge

The trial court did not err in a partial condemnation case by prohibiting defendant from cross-examining plaintiff's expert in real estate appraisals about the comparability of the Haywood Services property because the expert indicated that he did not have personal knowledge of Haywood Services Corporation and Haywood Electric Membership Corporation.

## 4. Appeal and Error— preservation of issues—failure to raise constitutional issue at trial

Although defendant company contends the trial court unconstitutionally erred in a partial condemnation case by failing to award a judgment which provides that plaintiff DOT was to pay defendant eight percent from the date of the taking until the judgment was fully satisfied, this assignment of error is dismissed because: (1) constitutional issues not raised before the trial court are not properly preserved for appeal; and (2) defendant failed to present the trial court with a request or argument for post-judgment interest prior to this appeal.

Appeal by defendant from judgment entered 4 June 2007 and order entered 17 August 2007 by Judge Dennis J. Winner in Haywood County Superior Court. Heard in the Court of Appeals 19 November 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Martin T. McCracken, for plaintiff-appellee.*

*Van Winkle, Buck, Starnes and Davis, P.A., by Jones P. Byrd and Matthew W. Kitchens, for defendant-appellant.*

DEPARTMENT OF TRANSP. v. HAYWOOD OIL CO.

[195 N.C. App. 668 (2009)]

BRYANT, Judge.

Defendant Haywood Oil Company appeals from a judgment entered 4 June 2007 after a jury awarded defendant $57,500.00 "as just compensation for the appropriation of a portion of their property for highway purposes" and from an order entered 17 August 2007 which denied defendant's motion for a new trial. For the reasons stated herein, we find no error and affirm the judgment of the trial court.

*Facts*

On 16 April 2001, plaintiff Department of Transportation (DOT) instituted an action for the partial condemnation of 2.98 acres of Haywood Oil's real property for the widening of US Highway Business 23 in Haywood County. Haywood Oil owned and operated a bulk oil plant on the property just north of the intersection of Highway 23 and Howell Mill Road. Approximately, 0.293 acres was taken for a right-of-way, 0.011 acres for two slope easements, and 0.0088 acres for a permanent drainage easement. The property condemnation allowed for the installation of a median traffic island on Highway 23 and curbing along defendant's eastern most boundary. On 21 May 2007, a trial before a jury was commenced to determine the value of the taking.

Haywood Oil Company called CEO David Blevins, who testified to the use and development of the property since 1973; Alan Shelton, a commercial petroleum truck driver and petroleum business owner; Tom Steitler, a thirty-year commercial real estate appraiser; Carroll Mease, a land and commercial property appraiser who had worked for various banks and real estate firms; and Bobby Joe McClure, a private businessman who had extensive experience in real estate development in Haywood County. Each witness, with the exception of Blevins and Shelton, testified to his assessment of the pre- and post-taking decline in the Haywood Oil property value—a decline between $136,912 and $117,786.

DOT first called James Wynne, a DOT staff appraiser with thirty years of experience. Wynne testified that in appraising the subject property he "looked for land sales that were similar . . . in terms of size, access and frontage, topography, utilities . . . ."

Wynne testified that the fair market value of the property pre-taking was $279,050 and post-taking was $255,050—a decline of $24,000. He based this opinion on the sale of four comparable properties:

three industrial park properties[1] and one property purchased by Haywood Electric Membership Corporation from Haywood Services Corporation.

On voir dire, Wynne testified that the fourth property was a commercial property located approximately one mile south of Haywood Oil and also bordered by Highway 23. The property was sold 23 January 1997 and transferred from Haywood Services Corporation to Haywood Electric Membership Corporation. The sale conveyed 10.89 acres at a unit price of $36,364 per acre. However, Wynne did not know whether the Haywood Services Corporation and Haywood Electric Membership Corporation were related entities and thus did not know whether the sale price was the result of an arms-length transaction.

At the conclusion of Wynne's voir dire, the trial court ruled that the three industrial park properties were insufficiently comparable to the subject property to submit evidence of their sales prices to the jury. Initially, the trial court reserved ruling on the admissibility of the sales price of the fourth property acknowledging that admissibility would depend upon whether the price was the result of an arms-length transaction. Therefore, later in the hearing, upon evidence the fourth property was sold between related entities and was not the result of an arms-length transaction, the trial court ruled that the sales price of that property was also inadmissible.

DOT next called Marty Reece, a DOT real estate appraiser with eighteen years of experience. Reece testified that the pre-taking fair market value of the Haywood Oil property was $217,425. The property value post-taking was $200,325—a difference of $17,100. Reece testified that to render an opinion he used the sale of three comparable properties—two of which were industrial properties also used by Wynne. Reece did not proffer the sales price of any of these properties.

As a rebuttal witness to Reece, Haywood Oil called Larry Clark. Clark was president of Haywood Services Corporation, which he tes-

---

1. The first industrial park property was located one-half mile from the Haywood Oil property in Waynesville Industrial Park. Sold on 25 February 1997 by George Escaravage to Clark and Leatherwood, the sale transferred 1.56 acres at a unit price of $38,462 per acre. The second property, also located in Waynesville Industrial Park, was sold on 5 October 1998 from "Escaravage to Kidd." This sale transferred 4.3 acres at a unit price of $29,070 per acre. The third property, also located in Waynesville Industrial Park, was sold on 24 August 1999. The sale transferred 3.45 acres at a unit price of $30,725 from "Marcelle Talbot to Kidd." At the time of the sale, all three properties were vacant and none were directly accessible from a main road.

tified was a wholly owned subsidiary of Haywood Electric Membership Corporation. Clark also sat on the board of directors for Haywood Electric Membership Corporation. He testified that on 23 January 1997, Haywood Services Corporation sold approximately eleven acres of commercial property approximately one mile south of Haywood Oil along Highway 23 to Haywood Electric Membership Corporation in an "in-house" transaction rather than an arms-length sale.

Clark was also president of Clark and Leatherwood, a local construction management firm, which had purchased property in the industrial park. On cross-examination, DOT asked Clark how much Clark and Leatherwood paid for the industrial park lot on which it later built a structure. Absent objection, Clark responded that the firm paid $17,000 for the property and an additional $8,000 to $10,000 to condition the soil to support the structure. Over objection, DOT further questioned Clark about the property sold between Haywood Services Corporation and Haywood Electric Membership Corporation.

After the close of the evidence, the trial court instructed the jury that "[t]he measure of just compensation where a road right-of-way and a permanent easement are taken is the difference between the fair market value of the property immediately before the taking and the fair market value of the property immediately after the taking . . . ." The jury determined that for the taking of its property Haywood Oil was entitled to recover $57,500.

The trial court entered judgment in accordance with the jury verdict. The judgment ordered that the unpaid portion of the judgment be subject to an interest rate of eight percent (8%) per annum from the date of the taking until the date the judgment was entered. Haywood Oil filed a Rule 59 motion for a new trial on the basis of testimony regarding the property Haywood Services Corporation sold in an in-house transaction to Haywood Electric Membership Corporation and testimony regarding the purchase price of Clark and Leatherwood's property in the Waynesville Industrial Park. The trial court denied the motion. Haywood Oil appeals from both the trial court's judgment and the denial of its Rule 59 motion.

On appeal, Haywood Oil raises the following four issues: whether the trial court erred (I) in admitting sales prices of real estate transactions; (II) in failing to instruct the jury that payment for the value

**DEPARTMENT OF TRANSP. v. HAYWOOD OIL CO.**

[195 N.C. App. 668 (2009)]

of land taken in an eminent domain case could include damage to the remaining property; (III) failing to allow Haywood Oil to cross-examine DOT's expert witness Marty Reece concerning the comparability of a real property sale; and (IV) in entering a judgment that provides that interest be paid at 8% per annum from the date of the taking until the date the judgment was entered.

*I*

**[1]** Haywood Oil argues that the trial court erred in allowing DOT to elicit and put before the jury evidence of real estate sales prices after the properties were determined not sufficiently comparable. We disagree.

Under the North Carolina General Statutes, section 136-112, our General Assembly has mandated the following:

> Where only a part of a tract is taken, the measure of damages for said taking shall be the difference between the fair market value of the entire tract immediately prior to said taking and the fair market value of the remainder immediately after said taking, with consideration being given to any special or general benefits resulting from the utilization of the part taken for highway purposes.

N.C. Gen. Stat. § 136-112(1) (2007). "Methods of appraisal acceptable in determining fair market value include: (1) comparable sales, (2) capitalization of income, and (3) cost." *DOT v. M.M. Fowler, Inc.*, 361 N.C. 1, 13, 637 S.E.2d 885, 894 n.5 (2006) (citation omitted).

"The decision to admit evidence of comparable sales is within the sound discretion of the trial judge . . . ." *Duke Power Co. v. Smith*, 54 N.C. App. 214, 217, 282 S.E.2d 564, 567 (1981) (citations omitted). "A discretionary ruling of a trial court is conclusive on appeal in the absence of abuse or arbitrariness, or some imputed error of law or legal inference." *North Carolina State Highway Com. v. Coggins*, 262 N.C. 25, 28, 136 S.E.2d 265, 267 (1964) (citation omitted).

"[Though] no two parcels of land are exactly alike . . . parcels may be compared where the dissimilarities are reduced to a minimum and allowance is made for such dissimilarities . . . ." *North Carolina State Highway Com. v. Pearce*, 261 N.C. 760, 762, 136 S.E.2d 71, 73 (1964). In seeking to proffer evidence of comparable sales, "[t]he price paid at voluntary sales of land if similar in nature, location and condition to the condemnee's land is admissible and of considerable probative

force in determining the value of land taken." *Duke Power Co.*, 54 N.C. App. at 215, 282 S.E.2d at 566 (citations omitted). Under our North Carolina Rules of Evidence, Rule 611(b), "[a] witness may be cross-examined on any matter relevant to any issue in the case . . . ." N.C. R. Evid. 611(b) (2007).

We first turn our attention to Haywood Oil's argument that the trial court improperly allowed DOT to question Clark before the jury regarding the price that the Clark and Leatherman firm paid for property in the industrial park after the trial court had ruled that the industrial park properties were not sufficiently comparable to the subject property to admit their sales prices. We note that Haywood Oil failed to object to either the question presented to Clark or Clark's response. Therefore, Haywood Oil's argument as to this assignment of error is not preserved for our review. *See* N.C. R. App. P. 10(b)(1) (2008) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.").

We next address whether the trial court abused its discretion by allowing Clark to testify over objection to the original purchase price of the property sold by Haywood Services Corporation to Haywood Electric Membership Corporation in an in-house transaction.

As previously noted, James Wynne testified on voir dire that the Haywood Services Corporation property was zoned commercial and located approximately one mile south of the Haywood Oil property. In its deliberation as to the admissibility of the sales price of the property, the trial court stated that the "[Haywood Services Corporation site is] not that different [from the Haywood Oil property]. . . . [I]t's a commercial site. It's on the same road and it's very close, so whether or not it's an arms-length transaction might well be determin[ative] to me as to whether this comes in." The trial court temporarily ruled that Wynne could not testify to the price of the Haywood Services Corporation property until the trial court heard evidence on the nature of the relationship between Haywood Services Corporation and Haywood Electric Membership Corporation.

Clark testified before the jury that Haywood Services Corporation· was a wholly owned subsidiary of Haywood Electric Membership Corporation; therefore, the property sold 23 January 1997 from Haywood Services Corporation to Haywood Electric

Membership Corporation was the subject of an in-house transaction rather than an arms-length sale. However, over objection, Clark was allowed to testify that Haywood Services Corporation originally acquired the property sold 23 January 1997 as part of a forty-one acre acquisition. The purchase price for the original forty-one acres was $445,000. DOT then questioned Clark as to how it arrived at $396,000 as the conveyance price between Haywood Electric Services Corporation and Haywood Electric Membership Corporation. Dividing the total acreage transferred to Haywood Electric Membership by the price paid, DOT confirmed through Clark that the price per acreage amounted to $36,365. When asked if he considered this a reasonable allocation of value for those eleven acres, Clark testified that it was "because it was primarily road frontage property fronted on two roads, [Highway 23] and Radcliffe Cove Road."

It is uncontested that the approximately eleven acres transferred from Haywood Services Corporation to Haywood Electric Membership Corporation on 23 January 1997 was similar in nature, location, and condition to the Haywood Oil property. It is also uncontested that Haywood Services Corporation's purchase price of the original forty-one acre property was the result of an arms-length transaction. Therefore, we hold the trial court did not abuse its discretion in allowing testimony of Haywood Services Corporation's purchase price of the original forty-one acre property and how that purchase price factored into the price used to convey approximately eleven acres in the 23 January 1997 in-house transfer from Haywood Services Corporation to Haywood Electric Membership Corporation. Accordingly, this assignment of error is overruled.

*II*

[2] Next, Haywood Oil argues that the trial court erred in instructing the jury that the measure of damages for compensating defendant is payment for value of land taken, without indicating that the value includes damage to the remaining property. We dismiss this assignment of error.

Here, the trial court's introductory remarks were to the entire jury pool, prior to the beginning of jury selection. In these introductory remarks, the trial court introduced itself, gave information about the rotation of [superior] court judges, and indicated the number of cases left on the civil calendar for the week. In addition, the trial court informed the jury of the name of the current case and gave a short overview of the factual, as well as legal, context of the case.

DEPARTMENT OF TRANSP. v. HAYWOOD OIL CO.

[195 N.C. App. 668 (2009)]

Court: In April of 2001, the Department of Transportation in order to do road improvements condemned several tracts of land here in Haywood County along old Business 19/23, and one of the tracts of land which they condemned . . . was the tract of land owned by the defendant in this case.

As you probably all remember from high school, our Constitution, both the Federal and the State Constitution, gives the State the right to take people's property for a public purpose . . . . They can't just do it arbitrarily, and when they do that, they must pay the landowner the value of what was taken, and sometimes that can be agreed upon and sometimes it can't, and when it can't, it takes a jury to determine from the evidence the value of the property taken.

Now, in this case, only part of the property was taken, part of the property was taken along with for a road right of way along with various easements for drainage and sloping and a temporary easement for a time during the construction purpose. The landowner is entitled to be compensated for all of that, and the jury that is chosen in this case will under the law that I will describe and then at the end of the trial make that determination, that is basically the value of what was taken.

We further note defendant did not object to the trial court's opening remarks. Under our North Carolina Rules of Appellate Procedure, Rule 10(b)(1), "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(b)(1) (2008). Therefore, the challenged action defendant now asserts as error is not properly preserved for appellate review. Accordingly, this assignment of error is dismissed.

*III*

[3] Next, defendant argues the trial court erred in failing to allow defendant to cross-examine Marty Reece about the comparability of the Haywood Services property. We disagree.

While a witness may be examined concerning a prior statement made by that witness, *see* N.C. R. Evid. 613 ("examining a witness

concerning a prior statement made by him . . . ."), "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." N.C. R. Evid. 602 (2007).

Here, DOT called Marty Reece and tendered him as an expert in real estate appraisals. On cross-examination, Reece testified that in valuing the Haywood Oil property by comparable sales he did not use the sale between Haywood Services Corporation and Haywood Electric Membership, a sale which James Wynne utilized. In explanation, Reece testified that he was not familiar with Haywood Services Corporation and had only "heard of" Haywood Electric Membership Corporation. When Haywood Oil asked why he didn't use the Haywood Services Corporation property sale, Reece responded, "Well, because I felt the three sales that I used were most comparable. That's not uncommon for appraisers to use different sales."

During a recess, with the jury excused, the trial court conducted a brief voir dire of Larry Clark. Clark testified that the 23 January 1997 transfer of property from Haywood Services Corporation to Haywood Electric Membership Corporation was not an arms-length transaction. When the jury was recalled and Reece returned to the witness stand to continue his cross-examination, Haywood Oil asked, "Mr. Reece, were you here in the courtroom a minute ago when Mr. Larry Clark was testifying?" When DOT objected, Haywood Oil explained, "I'm just going to ask him if he now knows whether or not one is a wholly-owned subsidiary, the other an arm[s-]length transaction. . . . Your honor, it explains why he didn't use it perhaps." The trial court sustained the objection.

We hold that where Reece indicated he did not have personal knowledge of Haywood Services Corporation and Haywood Electric Membership Corporation the trial court did not err in prohibiting Haywood Oil from cross-examining Marty Reece about the nature of the transaction between Haywood Services Corporation and Haywood Electric Membership Corporation. Accordingly, this assignment of error is overruled.

*IV*

[4] Last, Haywood Oil argues the trial court erred in failing to award a judgment which provides that DOT is to pay Haywood Oil eight percent (8%) from the date of the taking until the judgment is fully satisfied. Haywood Oil argues that pursuant to the 14th Amendment to the United States Constitution as well as the Law of the Land Clause of

the North Carolina Constitution, the trial court was compelled to order that interest applied to the unpaid portion of the judgment be computed from the date of the taking until the judgment is satisfied. We dismiss this assignment of error.

Constitutional issues not raised before the trial court are not properly preserved for appeal. *See Daniels v. Hetrick,* 164 N.C. App. 197, 200, 595 S.E.2d 700, 702 (2004) (citation omitted).

Here, Haywood Oil failed to present the trial court with a request or argument for post-judgment interest prior to appeal to this Court. Therefore, we hold the issue is not properly before us, and accordingly, this assignment of error is dismissed.

No error.

Judges McGEE and GEER concur.