IN THE SUPREME COURT OF NORTH CAROLINA

2022-NCSC-52
No. 132PA21

Filed 6 May 2022

IN THE MATTER OF: J.N. & L.N.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 276 N.C. App. 275, 2021-NCCOA-76, vacating and remanding an order entered on 8 January 2020 by Judge Lisa V. Menefee in District Court, Forsyth County. Heard in the Supreme Court on 22 March 2022.

*Theresa A. Boucher for petitioner-appellee Forsyth County Department of Social Services.*

*Rosenwood, Rose & Litwak, PLLC, by Nancy S. Litwak, for appellee Guardian ad Litem.*

*Troy Shelton and R. Daniel Gibson for appellees juveniles' guardians.*

*Benjamin J. Kull for respondent-appellant father.*

BERGER, Justice.

¶ 1 Respondent-father petitioned the Court for discretionary review of a Court of Appeals decision vacating the trial court's permanency planning order and remanding the case for additional findings.[1] We affirm.

## I.  Background

¶ 2 On April 10, 2018, the Forsyth County Department of Social Services (DSS)

---

[1] The mother of the juveniles is deceased.

filed juvenile petitions alleging that J.N. (Jimmy) was an abused and neglected juvenile and L.N. (Lola) was a neglected juvenile.[2]  The trial court granted nonsecure custody to DSS on the same day.  On May 8, 2019, the trial court adjudicated Jimmy to be an abused and neglected juvenile and Lola to be a neglected juvenile.

¶ 3        The trial court held a permanency planning hearing on September 9, 2019.  At the hearing, DSS sought to change the primary plan from reunification to guardianship with an approved caregiver.  Respondent's sole argument to the trial court was that reunification should remain the primary plan.  Respondent did not argue or otherwise contend that the evidence failed to demonstrate he was an unfit parent or that his constitutionally-protected right to parent his children had been violated.  As a result of the evidence presented at the hearing, the trial court granted guardianship of the children to the maternal grandparents.  Respondent appealed.

¶ 4        In the Court of Appeals, respondent argued that the trial court erred in granting guardianship to the maternal grandparents without first finding that he was an unfit parent or he had acted inconsistently with his constitutional right to parent.  In addition, respondent asserted that the trial court erred by failing to make required findings under N.C.G.S. § 7B-906.1(n) in the permanency planning order before ceasing further permanency planning review hearings.

¶ 5        On March 16, 2021, the Court of Appeals vacated the trial court's permanency

---

[2] Pseudonyms are used to protect the identity of the juveniles and for ease of reading.

planning order and remanded the case to the trial court for additional findings. *In re J.N. & L.N.*, 276 N.C. App. 275, 2021-NCCOA-76, ¶ 15. The Court of Appeals agreed with respondent that the trial court erred by failing to make necessary findings under N.C.G.S. § 7B-906.1(n). *Id.* ¶ 10. However, the Court of Appeals concluded that respondent had waived his argument that the trial court erred by granting guardianship without first concluding that respondent was an unfit parent or had acted inconsistently with his constitutional right to parent. *Id.* ¶ 9. Respondent petitioned this Court for discretionary review, arguing that the Court of Appeals erred by holding that respondent failed to preserve his constitutional argument.

## II. Analysis

Respondent contends that his constitutional argument is automatically preserved under N.C. R. App. P. 10(a)(1) by our holding in *Petersen v. Rogers*, 337 N.C. 397, 445 S.E.2d 901 (1994). There, this Court stated that "the law presumes parents will perform their obligations to their children, [and] presumes their prior right to custody." *Id.* at 403, 445 S.E.2d at 904 (quoting *In re Hughes*, 254 N.C. 434, 436–37, 119 S.E.2d 189, 191 (1961)). "[A]bsent a finding that parents (i) are unfit or (ii) have neglected the welfare of their children, the constitutionally-protected paramount right of parents to custody, care, and control of their children must prevail." *Id.* at 403–04, 445 S.E.2d at 905.

But the existence of a constitutional protection does not obviate the

requirement that arguments rooted in the Constitution be preserved for appellate review. Our appellate courts have consistently found that unpreserved constitutional arguments are waived on appeal. *See State v. Lloyd,* 354 N.C. 76, 86–87, 552 S.E.2d 596, 607 (2001) ("Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal."); *State v. Fernandez,* 346 N.C. 1, 18, 484 S.E.2d 350, 361 (1997) (holding that defendant waived confrontation and due process arguments by not first raising the issues in the trial court); *Dep't of Transp. v. Haywood Oil Co.,* 195 N.C. App. 668, 677–78, 673 S.E.2d 712, 718 (2009) (holding that arguments pertaining to Fourteenth Amendment to the United States Constitution and law of the land clause of the North Carolina Constitution, although constitutional issues, were not raised before the trial court and therefore not properly preserved for appeal); *State v. Wiley*, 355 N.C. 592, 615, 565 S.E.2d 22, 39 (2002) ("It is well settled that an error, even one of constitutional magnitude, that [is not brought] to the trial court's attention is waived and will not be considered on appeal.").

¶ 8    Nothing in *Petersen* serves to negate our rules on the preservation of constitutional issues. Thus, a parent's argument concerning his or her paramount interest to the custody of his or her child, although afforded constitutional protection, may be waived on review if the issue is not first raised in the trial court.

¶ 9    Here, respondent failed to assert his constitutional argument in the trial court.

Respondent was on notice that DSS and the guardian ad litem were recommending that the trial court change the primary permanent plan in this case from reunification to guardianship. Prior to the hearing, DSS filed a court report in which it stated that reunification was not possible due to the minimal progress respondent had made and because respondent was unable to provide for the safety and well-being of Jimmy and Lola. DSS, therefore, recommended that guardianship be granted to the maternal grandparents. Further, the guardian ad litem also filed a court report recommending that guardianship be granted to the maternal grandparents. Moreover, during closing arguments at the hearing, the guardian ad litem attorney specifically stated, "Your Honor, at this point, we feel and would respectfully request that you allow guardianship to be given to [the maternal grandparents]."

¶ 10 In turn, respondent's argument focused on the reasons reunification would be a more appropriate plan. Despite having the opportunity to argue or otherwise assert that awarding guardianship to the maternal grandparents would be inappropriate on constitutional grounds, respondent failed to do so. Therefore, respondent waived the argument for appellate review.

### III. Conclusion

¶ 11 The Court of Appeals did not err in concluding that respondent waived his constitutional argument by not first raising the issue before the trial court.

AFFIRMED.

Justice EARLS concurring.

I concur with the majority that in the context of an abuse and neglect proceeding in juvenile court, the potential issue that a trial court's order may infringe upon a parent's constitutional right under the substantive Due Process Clause of the Fourteenth Amendment to the custody, care, and control of their child is subject to the general rule that the issue must first be raised by the parent in the trial court. *See, e.g., State v. Creason*, 313 N.C. 122, 127 (1985) (explaining that the Court is not required to rule on a constitutional issue that was not raised and determined in the trial court). At the same time, nothing in the Court's decision today in any way compromises or negates the principles established in *Petersen v. Rogers*, 337 N.C. 397, 403–04 (1994), *Price v. Howard*, 346 N.C. 68, 79 (1997), *Adams v. Tessener*, 354 N.C. 57, 62 (2001), and *Owenby v. Young*, 357 N.C. 142, 148 (2003), that (1) a parent has a "constitutionally protected paramount interest in the companionship, custody, care, and control of his or her child," *Price*, 346 N.C. at 79; (2) before awarding custody of a parent's child to a nonparent, the trial court must first determine, based on clear and convincing evidence, that the natural parent has forfeited their constitutionally-protected status, *Owenby,* 357 N.C. at 148; and (3) a parent forfeits this paramount interest by either being unfit to have custody or when the parent's behavior "viewed cumulatively" has been inconsistent with the parent's constitutionally-protected parental status, *id.* Limited to the narrow facts of this case, we hold today that while a parent's rights are protected by "a constitutionally based presumption," *Routten v.*

*Routten*, 374 N.C. 571, 576 (quoting *Routten v. Routten*, 262 N.C. App. 436, 459 (2018) (Inman, J., concurring in part)), *cert. denied*, 141 S. Ct. 958 (2020), *reh'g denied*, 141 S. Ct. 1456 (2021), when a child is already in the custody of a nonparent by valid court order, as in these juvenile court proceedings, a parent on notice that a court may enter a permanent order of guardianship must raise the objection that the constitutionally-required findings are not present in order to preserve that issue for appeal.[1]

¶ 13    As recent decisions illustrate, several propositions also follow from this conclusion. First, a parent must actually have an opportunity to make the argument in the court below. For example, if the procedural posture of the case is such that the Department of Social Services (DSS) has noticed a hearing to determine visitation and does not present any evidence that the parent is unfit or has acted inconsistently with their parental rights, but after the hearing the parent receives an order in which the trial court has imposed guardianship, the parent has had no chance to raise the

---

[1] While state statutory schemes are distinct, most other states that have addressed whether a parent waives constitutional arguments in these circumstances by not raising them below follow this rule. *See, e.g., In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex. 2003) (holding that in termination of parental rights cases, constitutional due process rights must be raised in the trial court in order to be considered on appeal); *In re Doe*, 454 P.3d 1140, 1146 (Idaho 2019) (same); *In re Zanaya W.*, 291 Neb. 20, 31, 863 N.W.2d 803, 812 (2015) (holding that a trial court cannot be found to have committed error regarding an issue never presented to it for disposition). The states that do appear to allow parents to raise these issues for the first time on appeal hold that an appellate court has a duty to sua sponte consider violations of fundamental constitutional rights. *See, e.g., In re S.S.*, 2004 OK CIV APP 33, ¶ 7, 90 P.3d 571, 574–75; *Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, ¶ 23, 118 P.3d 37, 42 (2005); *In re B.A.*, 2014 VT 76, 197 Vt. 169, 101 A.3d 168; *In re H.Q.*, 182 Wash. App. 541, 330 P.3d. 195, 200 (2014).

constitutional issue before the trial court. *See, e.g., In re R.P.*, 252 N.C. App. 301, 305 (2017) (holding that although a parent's right to findings regarding his or her constitutionally-protected status is waived if the parent does not raise the issue before the trial court, no waiver occurred when the parent was not afforded the opportunity to raise an objection at the permanency planning review hearing). In such circumstances the parent has not waived their right to findings regarding their constitutional status because there was no opportunity to raise an objection at the hearing.

¶ 14       Second, there are no "magic words" such as "constitutionally-protected status as a parent" that must be uttered by counsel, nor is the parent's counsel required to object to certain evidence or specific findings of fact to preserve the constitutional issue. DSS may present evidence that a parent is unfit or otherwise has acted inconsistently with their constitutionally-protected status. Unless the parent presents no evidence and makes no arguments, the parent has raised the constitutional issue by responding to DSS's arguments. *See In re B.R.W.*, 2021-NCCOA-343, ¶ 40, *aff'd*, No. 310A21 (N.C. May 6, 2022).

¶ 15       Third, when a parent is on notice that the trial court is considering awarding guardianship to a nonparent and DSS has not offered evidence that the parent is unfit or has acted inconsistently with their constitutionally-protected status, the parent still must raise the constitutional issue in the trial court, and failure to do so

constitutes a waiver. *See, e.g., In re C.P.*, 258 N.C. App. 241, 246 (2018). The trial court must be on notice that the parent is contesting the loss of their constitutional rights and their arguments for why the evidence does not overcome that presumption. The trial court must then make the factual findings necessary to support its legal determination of whether the parent is unfit or has acted inconsistently with his or her constitutionally-protected parental status, with the burden of proof remaining with the petitioner. *See Price*, 346 N.C. at 84.

¶ 16        It remains the law in North Carolina that a trial court cannot proceed to evaluate the best interests of the child "[u]ntil, and unless, the [petitioner] establishes by clear and convincing evidence that a natural parent's behavior, viewed cumulatively, has been inconsistent with his or her protected status." *Owenby*, 357 N.C. at 148. Moreover, the "clear and convincing standard requires evidence that should fully convince." *In re I.K.*, 377 N.C. 417, 2021-NCSC-60, ¶ 19 (quoting *Scarborough v. Dillard's, Inc.*, 363 N.C. 715, 721 (2009)). "This burden is more exacting than the preponderance of the evidence standard[.]" *Id.* (quoting *Scarborough*, 363 N.C. at 721).

¶ 17        Finally, as a matter of issue preservation, it remains true that while "a constitutional question which is not raised and passed upon in the trial court will not ordinarily be considered on appeal[,]" *State v. Benson*, 323 N.C. 318, 322 (1988) (quoting *State v. Hunter*, 305 N.C. 106, 112 (1982)), this does not mean that

constitutional issues may never be raised in the first instance on appeal. As our rules explicitly recognize, some issues are deemed preserved by rule or law. *See* N.C. R. App. P. 10(a); N.C.G.S. § 15A-1446(d) (2021). Moreover, "[t]his Court may exercise its supervisory power to consider constitutional questions not properly raised in the trial court, but only in exceptional circumstances." *Anderson v. Assimos*, 356 N.C. 415, 416 (2002). Such exceptional circumstances are not present in this case. Therefore, I concur that the constitutional issues were not properly preserved for appeal.